## UNITED STATES *v.* PLYLER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

No. 440. Argued October 19, 1911.—Decided October 30, 1911.

It is not essential to charge or prove an actual financial or property loss to make a case of defrauding the United States.

Section 5418, Rev. Stat., prohibits the forging of written vouchers required upon examination by the Civil Service Commission of the United States, and presenting such vouchers to the Commissioners.

THE facts are stated in the opinion.

*The Solicitor General* for the United States:

Section 5418, Rev. Stat., prohibits the false making of any writing which would work a fraud upon the United States in its pecuniary or property rights or in the exercise of its governmental powers and duties. *United States*

v. *Lawrence,* 13 Blatchf. C. C. 211; *State* v. *Kimball,* 50 Maine, 409; *State* v. *Boasso,* 38 La. Ann. 202; *Cross* v. *North Carolina,* 132 U. S. 131; *United States* v. *Bunting,* 82 Fed. Rep. 883; *Palmer* v. *Colladay,* 18 App. D. C. 426; *Curley* v. *United States,* 130 Fed. Rep. 1; *Haas* v. *Henkel,* 216 U. S. 462; *Hyde* v. *Shine,* 199 U. S. 62.

Property rights of the Government are the very least of its rights. They are mere incidents, although necessary ones, to the discharge of those functions for which the Government was established, and the proper discharge of which is its paramount concern. The civil service laws of the United States and the regulations pursuant to them were enacted as part of the public policy of the United States to secure the appointment of honest and capable men to office, and integrity and efficiency in the administration of public affairs. The forgery of the voucher and the medical certificate was intended and calculated to deceive the Civil Service Commission and to injure and defraud the United States, by bringing into a position of trust and confidence a man who, by the very means of getting into that position, demonstrated his utter unfitness for it.

There was no appearance or brief filed for defendant in error.

Memorandum opinion by direction of the court. By MR. JUSTICE HOLMES.

This is an indictment for forging vouchers required upon examination by the Civil Service Commission of the United States, certifying to the character, physical capacity, etc., of the applicant, the defendant, and for presenting the same to the Commission. The District Court held that the acts were not frauds against the United States within the contemplation of R. S., § 5418, and dis-

charged the defendant. The Government excepted and brought the case to this court. It now must be regarded as established that "it is not essential to charge or prove an actual financial or property loss to make a case under the statute." The section covers this case. *Haas* v. *Henkel,* 216 U. S. 462, 480; *Curley* v. *United States*, 130 Fed. Rep. 1; *United States* v. *Bunting*, 82 Fed. Rep. 883.

*Judgment reversed.*