## UNITED STATES v. TERRANOVA et al.
### No. 25049–S.

District Court, N. D. California, S. D.
Aug. 20, 1934.

990

Leo R. Friedman, of San Francisco, Cal., for defendants.

ST. SURE, District Judge.

Defendants were jointly indicted for conspiracy to defraud the United States under section 37 of the Criminal Code (18 USCA § 88). The indictment charges that defendants, who are subcontracting plasterers on the post office annex now under construction in San Francisco, did conspire to defraud the United States by violating the terms and provisions of the Federal Prevailing Rate Law (40 USCA § 276a), in that they employed certain workmen specifically named therein at a lesser wage than the prevailing wage in the city and county of San Francisco and, by requiring said workmen to sign certain false and fraudulent pay rolls, made it appear that the said workmen were being paid the prevailing wage, when, as a matter of fact, they were being paid a much less wage, all of which facts defendants well knew.

The indictment is attacked by general and special demurrer upon two grounds. The first ground is that the indictment fails to charge a conspiracy to commit an offense against the United States; and the second ground is that as the entire charge is based upon the failure of the defendants to pay their workmen the prevailing rate of wage in San Francisco, the failure of the indictment to allege what such prevailing rate of wage was is fatal to its validity.

1. It is well settled that "it is not essential to charge or prove an actual financial or property loss to make a case under the statute." United States v. Plyler, 222 U. S. 15, 32 S. Ct. 6, 56 L. Ed. 70, and cases cited therein; also, Hammerschmidt v. United States, 265 U. S. 182, 44 S. Ct. 511, 512, 68 L. Ed. 968. And likewise it must be regarded as established that "the statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government," Haas v. Henkel, 216 U. S. 462, 479, 30 S. Ct. 249, 254, 54 L. Ed. 569, 17 Ann. Cas. 1112, which may be done by "deceit, craft or trickery, or at least by means that are dishonest," or "overreaching of those charged with carrying out the governmental intention," Hammerschmidt v. United States, supra. Any impairment of the administration of the governmental function will suffice. United States v. Goldsmith (C. C. A.) 68 F.(2d) 5.

In connection with the first ground of demurrer, it is urged that there can be no indictable conspiracy to violate the Federal Prevailing Wage Law because it is a mere civil provision relating to clauses that must be incorporated in contracts made by the government, and there is no penalty provided for a violation of its provisions. To constitute an offense by conspiracy to defraud the United States under section 37 of the Criminal Code, it is not necessary that the conspiracy should have been to commit an act in violation of a criminal statute. Falter v. United States (C. C. A.) 23 F.(2d) 420; United States v. Stone et al. (D. C.) 135 F. 392.

The first ground of the demurrer will therefore be overruled.

2. Upon the subject of the prevailing rate of wages, the indictment alleges as follows: "Said defendants well knew at all times herein mentioned that the terms of their said subcontract and the provisions of the Federal Prevailing Rate Law were not being

and had not been complied with, and that said workmen were not being and had not been paid the wages shown and set out in said payrolls and publicly displayed in writing in a prominent place on said project and construction as required by law, but in fact were being paid at a much lower rate of wages." This allegation the government contends is sufficient, but an examination of the indictment shows that there is a total failure to allege the prevailing rate of wage in San Francisco, and in this particular I think the bill is defective.

The demurrer will therefore be sustained upon that ground.