2 So.2d 321
### Ex parte ALLEN.
### ALLEN v. STATE.
#### 7 Div. 655.

Supreme Court of Alabama.
April 10, 1941.

138

Motley & Motley, of Gadsden, for petitioner.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., opposed.

FOSTER, Justice.

We agree with the Court of Appeals that the absence from the indictment of the word "knowingly," in connection with the word willfully is not such a fatal defect as that it will not sustain a conviction, there having been no demurrer to it on that ground. True, there may be a willful act, without knowingly doing a wrong. But there may be an inference that it was "knowingly" done from the fact that it was willful. Peebles v. O'Gara Coal Co., 239 Ill. 370, 88 N.E. 166. Sometimes and for some purposes the words are said to convey the same idea. Schultz v. Henry Ericsson Co., 264 Ill. 156, 106 N.E. 236.

That is the only defect specifically treated by the Court of Appeals, but that court did hold that the indictment was sufficient to sustain a conviction under section 4905, Code; Code 1940, Tit. 14, § 331, and appellant has undertaken to point out other defects to show that no crime is charged in the indictment.

The particular feature of section 4905, Code, which alone can support the indictment is the last offense designated in it. To constitute such an offense, a felonious taking and carrying away is not necessary, but only a particular kind of trespass. The guilty person must knowingly, willfully and without the consent of the owner, enter into a dwelling house (or other described structure) and cut, break, tear away or remove (certain described articles which would include windows and doors charged in this indictment) attached to and a part of such building, the value of which is $5 or more, with the intent to convert it to his own use.

This trespass was made grand larceny by the Act of March 7, 1911, General Acts

1911, page 92, and carried into the Code of 1923. Prior to the Act of 1911, supra, there was a different sort of trespass, also without a felonious intent, made larceny, and it still is so. But that was entirely different from that which was added by the Act of 1911. By it (see the Code of 1907, section 7324) one was also guilty of grand larceny if he knowingly, willfully and without the consent of the owner, enters upon the land of another and cuts and carries off timber or rails of the value of $25 with the intent to convert the same to his own use. To this feature of the Act, supra, the Code of 1923 added certain outstanding crops.

So that the Code of 1923 contains two separate trespasses not felonious, and makes them grand larceny. One of them covers an entrance on land, where he cuts timber, or certain crops and carries them off, also rails, and it must be of the value of $25. The other is an entrance into a dwelling house or other defined building, and takes off of the house some certain named fixtures which are attached to and are a part of the building, and of the value of $5.

■ The forms for indictment under section 4905, subdivision 64 of section 4556, Code; Code 1940, Tit. 15, § 259, form 66, do not include one appropriate to that feature of it. Those forms are the same as they were in the Code of 1907 before the Act of 1911, supra, was in force. The fifth paragraph of subdivision 64, section 4556, Code 1940, Tit. 15, § 259, form 66, par. 5, describes the offense of entering on land and cutting and carrying off timber or rails (now certain crops are included). But that form is not sufficient to describe the totally different offense added by the Act of 1911, supra, where it is a felony if the value is $5.00.

There is no such criminal offense denounced by the statute as that set out in the indictment, viz., for one to enter on the land or property of another and carry away windows and doors, unless it is done feloniously, or unless the entry is in a building and the windows and doors were attached to and were a part of the building, and there was an intent to convert them to his own use.

A defendant should not be put upon trial unless the facts alleged in the indictment, when fairly interpreted, constitute a crime.

■ Section 4527, Code; Code 1940, Tit. 15, § 230, makes the forms given sufficient in all cases in which they are applicable. And section 4529, Code; Code 1940, Tit. 15, § 232, requires an indictment to state the facts constituting the offense in ordinary and concise language, so that a person of common understanding will know what is intended. A form which is not thus specific does not furnish a defendant with "the nature and cause of the accusation." Section 6, Constitution; Jinright v. State, 220 Ala. 268, 125 So. 606.

■ We think the indictment set out by the Court of Appeals charges no crime. Let the writ of certiorari be issued.

Writ awarded. Reversed and remanded.

All the Justices concur, except KNIGHT, J., not sitting.