18 So.2d 572

**HALL et al. v. STATE.**

**6 Div. 69.**

Court of Appeals of Alabama.

May 23, 1944.

Rehearing Denied June 13, 1944.

F. F. Windham, of Tuscaloosa, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Conviction was for forgery in the second degree. The indictments, in code form, charged the defendants with forgery of the appearance bond appearing in the report of the case and, in the alternative, with the uttering of said forged bond.

The bond, copied in haec verba in the indictments, was unsigned by the principal, Gast, and the first argument for error is that such an instrument, without the signature of the principal, Gast, was on its face a nullity, the forgery and passing of which constituted no crime. Demurrers asserting this were overruled by the trial court. Of course, had the forged bond been void or without legal efficacy on its face, the demurrers would have been well taken, but this is not the case here.

The bond, if forged, had sufficient legal efficacy to injure or defraud when approved and the defendant released thereon. Our statute sustains this position. "No bail are (is) discharged * * * because the defendant has not joined in the same * * * where the defendant is released from custody on approval of such under-. taking of bail." Code 1940, Title 15, Sec. 208. In other words, the bail bond was as legally efficacious unsigned by the defendant as signed, when upon approval thereof he had been released on it.

But, without bringing into play the above statute, we think the result would be the same. It is only necessary that the forged instrument possess some apparent legal efficacy; that there is a reasonable possibility that it may operate to cause injury; and such an instrument may constitute a forgery, although if it were genuine other steps would have to be taken before it would be perfected. 23 Am.Jur., pp. 687, 688, Secs. 28, 29. This would be the status of the bond here without the operation of the quoted statute.

We must, and do, affirm the action of the trial court in overruling the demurrers.

It is also contended that a verdict should have been directed for defendants because of the uncontroverted proof that the prisoner, Gast, was not released on the bond. The officer to whom it was delivered discovered the forgeries and this ended the affair, with the two present defendants ending up in jail.

The law is clear that, in such cases, it is not essential that actual injury result from the forgery or the issuance or uttering of the forged instrument. Am.Jur., supra, Sec. 28; United States v. Plyler, 222 U.S. 15, 32 S.Ct. 6, 56 L.Ed. 70.

Nor is it necessary, in order to constitute forgery, that the fraudulent intent be carried out to successful accomplishment. Am.Jur., supra, p. 688, Sec. 30.

The three essential elements generally prescribed as the constituents of the crime were proved in the instant case, viz., (1) a false writing (forged signatures on the bond), (2) an instrument apparently capable of defrauding, and (3) an intent (inferable from the proven facts) to defraud. 23 Am.Jur., p. 678, Sec. 6.

When the defendants presented and delivered the bond to the officer as a genuine instrument, for the purpose of procuring the release of Gast from jail, this constituted an uttering of the forged document and likewise sufficed to make the crime complete, both of forgery and the uttering of the forged instrument. We paraphrase from a recent case much similar to the present one: The proof was uncontradicted

that the bond was forged and that the defendants uttered it in order to procure the release of the principal thereof from jail. From their conduct in connection therewith, the jury was also authorized in concluding that they committed the forgeries. Stone v. State, ante, p. 166, 13 So.2d 434, 435. See also Terry v. State, 29 Ala.App. 340, 197 So. 44.

Under the proven facts the defendant was not entitled to a directed verdict.

We find no error in the record. Let the judgment be affirmed.

Affirmed.