41 So.2d 630

## SCOTT v. STATE.
### 7 Div. 21.

Court of Appeals of Alabama.
July 19, 1949.

Scott & Dawson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant's jury trial resulted in a verdict of guilty on a complaint charging him with driving a vehicle on a highway while drunk or intoxicated.

The testimony of Mr. W. C. Glenn, a State Highway Patrolman, tended to establish abundantly the guilt of this appellant when he was arrested at about 4:00 P.M.

The tendency of the evidence presented by the defense was to negative any condition of intoxication or misconduct on the part of the defendant on the occasion in question.

Thus purely a question of fact, solely within the province of the jury to resolve, was presented on this question.

At the opening of the trial below the defendant moved for a continuance because of the absence of his witness Dr. J. S. Marsh. The defendant also moved that an attachment be issued for Dr. Marsh. It appears that Dr. Marsh has been duly subpoenaed, and had been communicated with by the Sheriff, apparently just prior to the start of the trial below. Dr. Marsh informed the Sheriff that he was engaged in a labor case.

The court refused to grant a continuance or to issue an attachment for Dr. Marsh, but permitted defendant to make a written showing for Dr. Marsh.

This showing, which was received in evidence, is to the effect that Dr. Marsh had treated the defendant between 2:00 and 2:30 P.M. on the day of his arrest for a

nail wound in the foot. Dr. Marsh had disinfected the wound, given the defendant a shot to prevent lockjaw, and told him to take aspirin if he had any pain. In Dr. Marsh's judgment the defendant had not been drinking at this time.

The object and meaning of the constitutional guarantee that a defendant shall have compulsory process for obtaining his witness is that a court will exercise its power, by the processes usual and known, to compel the attendance of witnesses. It does not operate to take from the court the discretion as to granting continuances, nor is extraordinary compulsory process, such as attachment, to be resorted to, until the witness has placed himself in contempt. Childress v. State, 86 Ala. 77, 5 So. 775.

The court permitted a showing for Dr. Marsh. It is to be noted that this showing indicates that in Dr. Marsh's judgment the defendant had not been drinking at the time of Dr. Marsh's treatment, some hour and a half to two hours prior to his arrest. The probative value of Dr. Marsh's testimony is therefore questionable even had he appeared in person.

Under all the circumstances we hold that the rulings of the court denying defendant's motion for a continuance, and for the issuance of an attachment for Dr. Marsh was in nowise an abuse of the discretion vested in the trial judge. Conn v. State, 19 Ala.App. 209, 96 So. 640, certiorari denied, Ex parte Conn, 209 Ala. 453, 96 So. 642.

Two written charges were requested by the defendant. One was given and the other refused. No error resulted in this refusal. The charge singles out and emphasizes one phase of the evidence, and possesses other misleading tendencies because of its verbiage. In addition, the principle sought to be enunciated was substantially covered by the court's oral charge and the charge was given at defendant's request.

This cause is hereby ordered affirmed.

The judgment entered in this cause is incorrect however, in that the fine and costs not being presently paid or judgment confessed therefor, the judgment does not provide that the appellant be sentenced to a term of hard labor for the county to pay the fine, nor for an additional sentence to hard labor for the payment of the costs, as provided in Sections 341 and 342 of Title 15, Code of Alabama 1940.

This cause must therefore be remanded for proper sentence.

Affirmed, but remanded for proper sentence.

BRICKEN, Presiding Judge, not sitting.