60 So.2d 200

## FULLER v. STATE.
### 6 Div. 24.

Court of Appeals of Alabama.
Aug. 28, 1951.

Rehearing Denied Oct. 2, 1951.

Reversed on Mandate Aug. 5, 1952.

Frederick V. Wells and Robt. H. Newman, Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

PER CURIAM.

In the lower court the accused was convicted of the offense of forgery in the second degree.

The indictment is (omitting formal parts):

"The Grand Jury of said county charge that, before the finding of this indictment, Daniel W. Fuller with intent to injure or defraud, did falsely make, alter, forge or counterfeit an instrument in writing, in words and figures substantially as follows:

| Date | Clerk | Dept No. |
|------|-------|----------|
| 14 | 01 | 500 |

Charge To

William Samuel Wyatt Jr

Street

R.F.D. 3

Box 475

A 10144-46

Purchaser

William S. Waytt, Jr. (sic)

| 1 suit | 39.50 |
|--------|-------|
| 1 o coat | 29.99 |
| | 64.49 |
| | 1.29 |
| | 65.78 |

or, with intent to injure or defraud, did utter and publish, as true, the said falsely made, altered, forged, or counterfeited instrument in writing, knowing the same to be so made, altered, forged, or counterfeited against the peace and dignity of the State of Alabama."

Appellant's able brief is devoted primarily to two insistences: (1) " * * * the indictment is fatally defective, in that it does not allege extrinsic facts to give any legal significance to the allegedly forged writing." (2) " * * * that if the allegedly forged writing, as set out in the indictment, is sufficient to make the indictment good, then it could only charge forgery in the third degree, and not forgery in the second degree, and the sentence is excessive."

At the outset it should be noted that no demurrers were interposed to the indictment in the court below. Appellant's attorney relies on the doctrine which provides that where the defect in an indictment is

one of substance, it will not support a judg-ment of conviction even though no objection is taken to the defect in the nisi prius court. Ex parte Allen, 241 Ala. 137, 2 So.2d 321; Dowdy v. State, 22 Ala.App. 514, 117 So. 489.

The prosecution in the instant case is based on a violation of Title 14, Sec. 200, Code 1940: "Any person who, with intent to injure or defraud, falsely makes, alters, forges, counterfeits, or totally obliterates any will of real or personal property, or any deed, conveyance, or other instrument, being or purporting to be the act of another, by which any right or interest in property is, or purports to be transferred, conveyed, or in any way changed or affected; or any bond, bill-single, bill of exchange, promissory note, or any indorsement thereof, the forgery of which does not constitute forgery in the first degree; or any warehouse receipt, or receipt for the payment of money, or any instrument or writing, being or purporting to be the act of another; or any entry in any book account, by which any pecuniary demand or obligation is or purports to be created, increased, discharged, or diminished; or who, with such intent, utters and publishes as true any falsely made, altered, forged, or counterfeited instrument, writing, indorsement, or entry, specified or included in this section, is guilty of forgery in the second degree."

The accepted definition of forgery is: "Falsely making any writing, with a fraudulent intent, whereby another may be prejudiced, is forgery. It is not necessary that any prejudice should in fact have happened by reason of the fraud." Jones v. State, 50 Ala. 161.

The general rule is that the indictment must show on its face that the alleged forged instrument is such that it could be made available in law to work the intended injury or fraud. If it is not of this character, the indictment is insufficient to charge forgery, unless by added averments it can be shown how it could be made to operate injuriously or fraudulently.

As stated in Shelton v. State, 143 Ala. 98, 39 So. 377: "Where the writing alleged to have been forged, or uttered after being forged, is complete on its face and purports to impose a liability, it is not necessary to aver extrinsic facts in the indictment to show its validity or that another might be injured by it."

We are unable to find any case from our jurisdiction in which a sales slip of the kind in question formed the basis of a prosecution for forgery. Our view that the instant indictment is sufficient is aided by authorities which have reviewed instruments somewhat analogous in character.

In Jones v. State, supra, the Supreme Court held that a forged written order or request for money, purporting to be addressed by a son to his father, is an instrument which is subject to forgery.

The same view was taken of an application for insurance in Dudley v. State, 10 Ala.App. 130, 64 So. 534.

To the same effect was the holding in Smith v. State, 22 Ala.App. 590, 118 So. 594, in reviewing an alleged forged release to right or interest to property.

An examination of 37 C.J.S., Forgery, § 36, p. 55, will disclose a long list of instruments or writing which have been held by the various courts to constitute subjects of forgery.

In the case of People v. Wilson, 139 Cal. App. 139, 33 P.2d 476, the California Appellate Court held that a sales slip of the kind and character of the one of instant concern was subject to forgery under the applicable statute.

It is true the opinion does not set out the indictment and it is not there made certain that no extrinsic facts were added. We think, however, that the tenor of the reasoning of the court is to the effect that the averment of extrinsic facts was not required to make the indictment sufficient.

We find also that the California statute relating to forgery is more specific than our statute. However, specifically sales slips are not included in the catalogue of the kinds of instruments.

Our statute stipulates in general terms "or any instrument or writing, being or purporting to be the act of another * * *."

■ We are forced to the conclusion that the disclosure by the instant indictment is sufficient to apprise the court of the fact that it is such an instrument or writing as might injure or defraud, if made use of with that intent.

Under this view we need not respond to the second indicated insistence of appellant's counsel.

■ In the main the factual issues centered around the identity of the accused. Clearly a jury question was posed in this aspect of the evidence.

When the oral charge is considered in its entirety there is no merit in any of the exceptions reserved thereto.

With the exceptions of the general affirmative charges only two written instructions were refused to the defendant. Charge numbered 2 is no longer approved by our courts. See Bringhurst v. State, 31 Ala. App. 608, 20 So.2d 885(1). The same is true of charge numbered 4. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Krasner v. State, 32 Ala.App. 420, 26 So.2d 519(23); Richardson v. State, 33 Ala.App. 40, 29 So. 2d 883.

We find no prejudicial error in this record. The judgment below is ordered affirmed.

Affirmed.

PER CURIAM.

. Reversed and remanded on authority of Fuller v. State, 257 Ala. 502, 60 So.2d 202.