58 So.2d 483

## HOBSON v. STATE.

### 8 Div. 998.

Court of Appeals of Alabama.
April 15, 1952.

H. T. Foster, Scottsboro, and H. G. Bailey, Boaz, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen. (Wm. H. Sanders, Montgomery, of counsel), for State.

CARR, Presiding Judge.

The accused was indicted for forgery in the second degree. Title 14, Sec. 200, Code 1940. He was convicted "as charged", and the court imposed a sentence of three years in the state penitentiary.

The instrument in question is a check for $72 payable to appellant and bearing the name of Henry Huber as payer. The defendant admitted that he endorsed the check and deposited it to the credit of his wife's account in a local bank. He denied that he forged the name of the maker. He claimed that the check was duly signed by Mr. Huber and given to him in payment of labor services.

Appellant's attorney had a subpoena duces tecum issued to Mr. Huber. The record does not accurately and clearly disclose

what documents were requested by this method. It does appear that counsel sought to have Mr. Huber produce a number of cancelled checks which were made payable to appellant and also copies of Mr. Huber's income tax returns.

A continuance was requested because there was not a full compliance with the subpoena. The court denied the motion.

During the progress of the trial a large number of cancelled checks were exhibited and introduced. At this point in the proceedings the prosecuting attorney stated:

"We have complied as much as we can with the writ that the defendant wanted and I have here the checks we could find payable to Homer Hobson."

In this state of the record it cannot be said that the presiding judge abused his discretion in denying the motion for a continuance. Hull v. State, 232 Ala. 281, 167 So. 553; Scott v. State, 34 Ala.App. 519, 41 So.2d 630.

The court erroneously charged the jury that the defendant was indicted for forgery in the first degree. When counsel excepted to this portion of the oral charge the trial judge stated: "Of course all they can do is find him guilty as charged in the indictment."

To some extent at least this was a correction of the error. In any .event, the form of the verdict was: "We, the Jury find the defendant guilty as charged." The imposed sentence did not exceed the maximum punishment for forgery in the second degree. Title 14, Sec. 207, Cum. Pocket Part, Code 1940.

The error did not result in any injury to the accused. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

Insistence is pressed that the court should have granted the motion for a new trial.

This question is not properly presented for our review. The record does not contain any judgment of the court overruling the motion, neither is all the evidence included in the record. There were a number of exhibits in the nature of cancelled checks and photographs of handwritings that were not sent to this court.

If the record does not contain all the evidence, we are not authorized to review the action of the lower court in overruling the motion for a new trial. Phelps v. State, 33 Ala.App. 89, 30 So.2d 38.

We have responded to each question pressed in brief of counsel. These seem to include all that merit our discussion.

The judgment below is ordered affirmed. Affirmed.