58 So.2d 898

### HOBSON v. STATE.
### 8 Div. 997.

Court of Appeals of Alabama.
May 13, 1952.

472

H. T. Foster, and H. G. Bailey, Boaz, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., (Wm. H. Sanders, Montgomery, of counsel), for the State.

HARWOOD, Judge.

The indictment against this appellant charged him with knowingly forging or uttering a check in the amount of ninety dollars, purporting to be signed by Henry Huber and payable to the appellant.

The appellant had previously worked for Huber for a number of years, and was paid by Huber, by check, usually every week.

Huber denied writing the check in question, or authorizing any one to do so for him.

Mr. C. D. Brooks, of the State Department of Toxicology and Criminal Investigation, after qualifying as an expert on questioned documents, testified that in his opinion the check in question had not been signed by Huber.

The appellant admitted endorsing the check, and depositing it to his wife's account. He contended however that the check had been given him by Huber in payment for wages earned as Huber's employee.

Two bankers testified that the signature on the check resembled or was similar to Huber's signature.

At the opening of the trial the defense moved for a continuance on the grounds that a subpoena duces tecum had been issued directed to Huber to produce certain records, and that the subpoena had not been complied with.

The subpoena duces tecum is not included in this record. The defense counsel stated that it had been issued prior to the trial and that it called for the production of Huber's records showing the amounts paid appellant by Huber during 1949, and the amounts paid by the hour on each job; and also the statements of taxes withheld from appellant's earnings.

The Solicitor replied that Mr. Huber had stated under oath that he had been ill in a hospital for several months during 1949; that upon his return to his office many of his records were missing, and he was unable to comply with the subpoena other than to produce the cancelled check of payments made to appellant. These checks were produced.

In view of the state of the record, and the questionable materiality of the information sought as a defense to this prosecution, we cannot say with propriety that the trial judge abused his discretion in denying the motion for a continuance. Hull v. State, 232 Ala. 281, 167 So. 553; Scott v. State, 34 Ala.App. 519, 41 So.2d 630.

The evidence presented by the State tended to establish the essential elements of the offense charged. Hall v. State, 31 Ala.App. 455, 18 So.2d 572. This in itself fully justified the lower court's denial of appellant's written request for the affirmative charge. It also further appears that a number of exhibits in the nature of cancelled checks, and photographs of handwriting used by the witness Brooks in his examinations, while copied in the record, were not forwarded to this court. The copying of these exhibits in the record obviously affords no opportunity to evaluate the testimony in connection with them concerning the questioned handwriting, which is the very basis of this prosecution. See Phelps v. State, 33 Ala.App. 89, 30 So.2d 38.

No error therefore can be posited on the refusal of appellant's request for the affirmative charge, nor in denying the motion for a new trial.

Defendant's requested charges 2, 5, and 6 were faulty in one or more aspects, and were properly refused.

Affirmed.