Carolyn Helen TACORONTE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7367.

United States Court of Appeals
Tenth Circuit.

Oct. 28, 1963.

Ronald H. Richter, Denver, Colo., for appellant.

James A. Clark, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., with him on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was indicted by a grand jury on three counts. Count I was for unlawfully taking a letter containing a United States Treasury check from the mails before it had been delivered to the addressee, to obstruct the correspondence in violation of 18 U.S.C. § 1702; Count II charged the appellant with knowingly and wilfully forging the signature of the payee by endorsement on the United States Treasury check described in Count I for the purpose of obtaining money from the United States to which she was not entitled, in violation of 18 U.S.C. § 495; Count III charged the appellant with knowingly and wilfully uttering with intent to defraud the United States the check bearing a forged endorsement in violation of 18 U.S.C. § 495.

The appellant was tried by a jury and found guilty on all three counts. The trial court suspended the imposition of sentence on each count and placed appellant on probation for a period of three years. The appellant has taken this appeal, urging that the trial court was in error in not giving certain requested instructions.

During the course of the trial of the case, the appellant freely admitted that she had taken the letter containing the check in question from the hall table in the apartment house in which the payee resided, and in which appellant formerly resided. She also testified that she attempted to cash the check but was unable to do so because she did not have the proper identification. She then had made an identification card bearing the name of the payee of the check, and then took the check to a store where she was able to cash it by the use of such identification. She testified she was pregnant at the time and needed the money for medical expenses and for food and clothing for her children. She also testified that she used the proceeds from the check, $91.30, to buy clothing and food for her children. She later obtained a job and testified she intended to repay the payee of the check.

■ The first point urged by the appellant was that a requested instruction as to Count I had not been given. This was an instruction that appellant be found not guilty unless the jury found that the landlord or his assistant, who had removed the letter in question from the mailbox and placed it on the hall table in the apartment house, was acting as an agent for the United States and not for the tenants. There was no testimony from the landlord or his assistant on this point. The only testimony was that of the addressee of the letter who testified she had never authorized anyone to receive the letter in question for her, and further that she was under the belief at the time the incident took place that the mailman placed the letters on the table. She testified that it was not until after the incident that she learned that the landlord or his assistant took the mail from the box and placed it on the table. The trial court ruled there was no question of agency in view of this testimony. There is ample evidence to support this position taken by the trial judge, and we find no error in the refusal to give appellant's requested instruction on this point.

■ As to the second point urged by the appellant which asserts that it was error for the trial court to refuse a

requested instruction which stated that the jury should find the defendant not guilty on Counts II and III unless they found that the defendant "intended never to safeguard the United States Government from any money loss by returning the $91.30," Count II charged the crime of forging an endorsement of a United States Treasury check in violation of 18 U.S.C. § 495, paragraph one. This portion of the statute does not by its terms require any proof of intention to defraud, only that the forgery be done to obtain money from the United States. Conley v. United States, 257 F.2d 141 (6th Cir.); Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610. Count III does require proof of an intent to defraud the United States in uttering a forged instrument. The indictment in this count charges again the forgery of the signature of the payee in the endorsement of the check. It is not necessary in this charge of an intent to defraud the United States that the infliction of monetary loss be contemplated by the person charged. Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569; Pina v. United States, 165 F.2d 890 (9th Cir.). The asserted intention to repay at some later date does not change the character of the initial act of defrauding the United States by receiving the money on one of its checks payable to another person. As indicated above, the record shows that the appellant freely admitted that she stole the check; that she endorsed the check, procured false identification, and cashed the check. The fact that she may have intended to reimburse the payee for the amount of the check is not material. The payee of the check had filed a claim against the United States for the amount represented by the check. There was clearly an intention on the part of the appellant to interfere with the payment by the United States of the amount represented by the check to the payee. Pina v. United States, supra. It is assumed that it was appellant's intention to impair a governmental function since this was the actual result. The check was a

payment by the United States of an Army allotment made by the husband of the payee-addressee. It was held in Hammerschmidt v. United States, 265 U.S. 182, 44 S.Ct. 511, 68 L.Ed. 968, that "to conspire to defraud the United States," in addition to the cheating out of property or money, " * * * means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest." United States v. Plyler, 222 U.S. 15, 32 S.Ct. 6, 56 L.Ed. 70. The trial court was correct in refusing to give the instructions requested by the appellant.

Affirmed.