238 So.2d 925

**Robert M. HAMILTON, Alias**

v.

**STATE.**

**3 Div. 22.**

Court of Criminal Appeals of Alabama.

Aug. 25, 1970.

Mooneyham & Mooneyham, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Second degree forgery; six years imprisonment.

The indictment hybridizes Form No. 64 and Form No. 63 of Code 1940, T. 15, § 259. It begins with No. 64 then sets out an instrument and then ends with (copied from No. 63), "or with intent to injure or defraud * * *."

The instrument in our record is apparently Xeroxed, i. e. copied by some photographic process. It is only partially legible. It has been stapled into the transcript. Had Hamilton not appealed in forma pauperis on proper motion, we should have dismissed the appeal for this breach of the Supreme Court's Rule 27, second sentence.[1]

From the evidence in the case, we conclude that the instrument is an American Express card charge record acknowledging goods and/or services received from Bon Marche, a ladies apparel emporium. Hamilton executed the paper in the name of a person whose name was embossed on the plastic American Express identification

---

3. Cf. United States v. Sorce, 7 Cir., 325 F.2d 84.

1. Supreme Court Rule 27:
   " * * * No paper attached by wafer, paste, or in any other manner than as above, shall be considered as a part of the transcript."

card used in imprinting part of the charge record slip.

In Fuller v. State, 36 Ala.App. 504, 60 So.2d 200, this Court had before it an indictment which charged that Fuller " * * * with intent to injure or defraud, did falsely make, alter, forge or counterfeit an instrument in writing, in words and figures substantially as follows:

"Date · Clerk Dept. No.
14 01 500

"Charge To
William Samuel Wyatt Jr

"Street
R.F.D. 3
Box 475
A 10144–46

"Purchaser
William S. Waytt, Jr. (sic)

"1 suit 39.50
1 ocoat 29.99

64.49
1.29

65.78

or with intent to injure * * * against the peace and dignity of the State of Alabama."

Therein this Court held the foregoing sales slip to be complete as purporting to impose a liability. Hence, the indictment did not need to aver extrinsic facts to show its validity or capacity to injure another who might rely upon it. The opinion held:

"We are forced to the conclusion that the disclosure by the instant indictment is sufficient to apprise the court of the fact that it is such an instrument or writing as might injure or defraud, if made use of with that intent."

On certiorari the Supreme Court, citing the language of Brickell, C. J., in Rembert v. State, 53 Ala. 467,[2] held that the sales slip by itself was incomplete and that the indictment, for want of allegations of extrinsic facts (to make the instrument's capacity known), would not support a judgment of conviction. Hence, this Court stood reversed. 257 Ala. 502, 60 So.2d 202.

We are statutorily conformed to the decisions of the Supreme Court of Alabama. Act 987, September 12, 1969, §§ 10 and 32, (4) p. 1744. Fuller v. State, 257 Ala. 502, 60 So.2d 202 has not been overruled.

We shall tabulate the points of difference and likeness between Hamilton's and Fuller's slips:

| | | Fuller | Hamilton |
|---|---|---|---|
| 1. | Person furnishing goods | Not shown | Bon Marche |
| 2. | Person charged | W. S. Wyatt, Jr. | Not expressly shown |
| 3. | Amount of sales slip | $65.78 | $78.01 |
| 4. | Signature forged | Yes | Yes |

The instrument of instant concern beneath the barely legible "Bon Marche—00375" has printed, "Establishment [presumably Bon Marche] agrees to transmit to New York for payment." However, nowhere does the charge record in the in-

2. Rembert v. State, 53 Ala. 467:
"* * * When the instrument is imperfect, incomplete, and its real meaning and terms are not intelligible from its words and figures, but are to be derived from extrinsic facts, and its capacity to

dictment show who, if any one, in New York will make the payment.

Nowhere is the legal identity of American Express set forth. No averment appears which would reveal either the agreements, if any, between American Express and Bon Marche or the cardholder.

Accordingly, we consider ourselves bound by the Supreme Court in *Fuller,*

supra. The indictment not being within the statute as to amendment by consent must be held void. The appellant, however, should be bound to the next grand jury.

The judgment below is reversed and the cause there remanded.

Reversed and remanded.

injure is dependent on such facts, then, when such facts are averred, and the instrument, its meaning and purport, made intelligible to the court, it appears judicially, with as much certainty as if the extrinsic facts were on the face of the instrument, and that set out in haec verba, whether it has the vicious capacity, and is the subject of forgery. * * * suppose a man has the custody of property, which he agrees to deliver, on the owner sending him certain words under his hand, which have no respect to property, but which are a secret sign agreed upon between them, and known only to them. Such words would be the subject of forgery within the statute; but not being significant, and it not being conceivable how mischief would ensue from their use, the custody of the goods and the agreement on the words must be shown in the indictment."

In *Rembert*, supra, it is to be noted that the indictment contained an innuendo which explained the efficacy of the forged due bill.