268 So.2d 501

Alvin CLAYBORNE, alias

v.

STATE.

I Div. 203.

Court of Criminal Appeals of Alabama.

Oct. 24, 1972.

William A. Kimbrough, Jr., Asst. Dist. Defender, Mobile Dist. Defender Agency, Inc., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Murder in the first degree: sentence, life imprisonment.

I

The State's evidence tended to show that Clayborne got two teen-age boys to tell him of the whereabouts of one Richard Stallworth who was also known as Little Richard and variantly as Big Face.

Stallworth, having been spotted, came out of a restaurant and Clayborne killed him with a shot gun.

II

Code 1940, T. 15, § 307 requires corroboration of accomplice testimony. Whether or not there is an accomplice witness and if he has or has not been corroborated must first be put to the trial judge.

In this case we find no motion to exclude the State's evidence nor any written request for the affirmative charge.

A motion for new trial was filed and ruled upon, so we are told, but only by a certificate of the circuit clerk which was sent us some two weeks after the record itself came here.

A defendant in a criminal cause may now by statute appeal his motion for new trial. Code 1940, T. 7, § 764. Dawson v. State, 37 Ala.App. 16, 66 So.2d 567. See also Code 1940, T. 15, § 368.

Neither the motion for new trial (with any attached affidavits together with any testimony given on the hearing) nor the judgment or order overruling the motion is in the record. Under Hobson v. State, 36 Ala.App. 455, 58 So.2d 483, we are not authorized to review the action of the lower

court in overruling the motion for new trial.

Thus, none of the three usual ways of exploring corroboration, vel non, of an accomplice is presented to us. Alexander v. State, 281 Ala. 457, 204 So.2d 488. Hence, we cannot put the trial court in error because, on the record before us, no opportunity for a ruling has been shown.[1]

### III

The refused charges cover the waterfront of reasonable doubt. However, the oral charge sufficed in this context.

The judgment below is due to be

Affirmed.

All the Judges concur.

---

1. By way of gratuitous dictum we observe that one witness to the shooting was virtually free of any taint of complicity.

See discussion in Leonard v. State, 43 Ala.App. 454, 192 So.2d 461(8).