330 So.2d 453

**Corine CLAY, alias**

v.

**STATE.**

**6 Div. 846.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

Rehearing Denied July 29, 1975.

Barnett, Tingle & Noble, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery and David L. Weathers, Asst. Atty. Gen., Birmingham, for appellee.

BOWEN W. SIMMONS, Supernumer-ary Circuit Judge.

Appellant-defendant, an indigent, was convicted after indictment of second degree forgery. Sentence imposed by the court was one year and one day imprisonment.

The instrument, the subject of forgery and set out in the indictment, reads as follows:

"

SAVINGS WITHDRAWAL

GJ Ex 1 68733

DATE 1/18/ ___ 1974
RECEIVED FROM
 BIRMINGHAM TRUST NATIONAL BANK
 BIRMINGHAM, ALABAMA

SAVINGS ACCOUNT NUMBER

| AMOUNT | |
|--------|-----|
| 250 | 00 |
| DOLLARS | CENTS |

Two hundred and fifty DOLLARS
 CHARGE MY SAVINGS ACCOUNT

_____Cleo Bryant_____
DEPOSITOR'S SIGNATURE
James H. Bryant
3905 Mineral

NON- NEGOTIABLE
WITHDRAWALS ARE PERMITTED ONLY BY
PAYMENT TO THE DEPOSITOR

F-33201 ."

We note that the insertion "68733 G. J. Ex 1" was not on the instrument when presented to the bank teller, but was placed there by the stenographer taking this evidence adduced before the grand jury. This was done to identify this paper.

It appears from the evidence that defendant presented this instrument to the bank teller, Dorothy Ann Johnsey, about four or four-thirty in the afternoon and demanded "Cash this. My account is in the Midfield office."

The account number being absent on the withdrawal receipt, supra, the teller referred the defendant to an officer of the bank. She did not thereafter handle the transaction.

Mrs. Johnsey testified on recall that when the instrument was presented for withdrawal of funds from a savings account, that Cleo Bryant did not have a savings account with the bank and further, without a savings account number thereon, the instrument was invalid and void. Cleo Bryant testified that she did not sign the instrument.

However, the witness, Mrs. Johnsey, testified in response to the court's question as follows:

"THE COURT: And this is important. Along that same line, if the—if the person whose name appears on there had had an account in one of the stores, and, on checking, if that number had been located and inserted in there, then would that have had the validity to cause you to pay money on it?

"A. Right."

Appellant's contention on this appeal that the instrument was void and was not the subject of forgery is without merit.

It appears to us from the question and answer of the witness, supra, that on checking and ascertainment of the number and its insertion, the instrument would have been sufficient to pay money on it.

We are impressed that the presence of the account number on the withdrawal receipt was a bookkeeping requirement and an accounting convenience to the bank. Its absence served to alert the bank teller to postpone payment and refer the matter to a bank officer. In other words, she was alerted to question the authenticity of Cleo Morgan's signature appearing thereon. The testimony of the witness that the instrument was void was an issue properly addressed to the court and not the witness.

We conclude that the instrument was not void because the account number on the instrument was absent. If it was void, the bank could not breathe validity into it by placing the account number on it, as the witness stated the bank could do, and then pay it.

As we understand the evidence, receipts in the form appearing, supra, were used at the bank to withdraw money from savings accounts and not checks as used in regular checking or commercial accounts.

The instrument was in proper form and lacked only an identification number of the account involved. This could have been inserted by the bank had payment of the instrument otherwise been in order.

We conclude that the instrument, supra presented to the teller was the subject of forgery as alleged in the indictment, and was not in the same category of instrument considered in *Fuller v. State*, 257 Ala. 502, 60 So.2d 202; *Hamilton v. State*, 46 Ala. App. 128, 238 So.2d 295, and *Manaway v. State*, 44 Ala. 375. It reasonably possesses apparent legal efficacy. *Hall v. State*, 31 Ala.App. 455, 18 So.2d 572(5), cert. denied 245 Ala. 671, 18 So.2d 574; *Wyatt v. State*, 36 Ala.App. 125, 57 So.2d 350(9), cert. denied 257 Ala. 90, 57 So.2d 366.

We think the refused charges were substantially covered by the oral charge of the court or by given charges requested by defendant.

We affirm the judgment of the trial court.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., not sitting.