JAMES H. FAULKNER, Retired Justice.
In a two-count indictment, Jimmy Lee Ervin was charged with the murder of Kenneth Anthony Cotes in violation of § 13A-6-2, Code of Alabama 1975, and the attempted murder of Robert Lee Jiles in violation of § 13A-4-2, Code of Alabama 1975. The jury found Ervin guilty as charged in the indictment, and he was sentenced to 30 years’ imprisonment on the murder charge and 20 years’ imprisonment on the attempted murder charge, with the sentences to run concurrently. Although three issues are raised on appeal, we shall *948 only address one issue which requires reversal.
Ervin contends that the trial court committed reversible error in denying his motion for mistrial on the constitutional ground that he was denied compulsory process because the clerk’s office inadvertently failed to issue subpoenas to his 28 requested witnesses prior to the commencement of trial. We agree.
On October 6, 1989, Ervin filed with the clerk’s office a request for subpoenas to be issued for 23 witnesses to appear in his behalf at his trial on October 16, 1989, at 9:00 a.m. Ervin also filed on October 6, 1989, a “motion for assistance in securing witnesses for trial” wherein he stated that certain witnesses whose whereabouts were either unknown to him but known to the State or who were incarcerated within the State of Alabama prison system and were necessary for Ervin to receive a fair trial. Although a minute entry in the records states that this motion was called to the court’s attention on October 6, 1989, no formal ruling on the motion appears in the record.
Ervin’s trial commenced on October 16, 1989, and on October 18, 1989, near the close of the State’s case, defense counsel noticed that none of Ervin’s witnesses were present in the courtroom. Defense counsel then requested that Ms. Fran Brazeal, the supervisor of the criminal division of the circuit clerk’s office in Tuscaloosa, be allowed to testify as to the absence of Er-vin’s witnesses. Ms. Brazeal testified that on October 6, 1989, Ervin requested that the clerk’s office issue subpoenas for 23 persons to appear in court on October 16, 1989 at 9:00 a.m. in Ervin’s case. Ms. Brazeal further testified that as of October 18, 1989, those 23 subpoenas were not issued due to a clerical error discovered on October 18, 1989 — the request for subpoenas was inadvertently placed in a stack of papers to be filed rather than given to the person in charge of sending out subpoenas for this trial docket.
On cross-examination, Brazeal testified that approximately 9 or 10 names on Er-vin’s witness list were already included on the State’s list contained in the indictment, and that all witnesses on the State’s list were issued subpoenas.
Although defense counsel moved for a mistrial, the court overruled the motion at that time, stating that it would be appropriate to grant a mistrial after the defense presented its case and Ervin was still denied access to these witnesses. The court also ordered the clerk’s office to prepare instanter subpoenas which the court would issue to try to secure Ervin’s witnesses for the defense’s case.
The defense then called 17 witnesses in addition to Ervin and Brazeal in presenting its case. At the close of its case, defense counsel renewed its motion for mistrial on the ground that two of its witnesses, Regi-nal Henderson and Sophie Neighborhood, were not available at trial due to the clerk’s administrative error despite the court’s issuance of instanter subpoenas. In particular, defense counsel argued that Henderson was presently believed to be in Birmingham and within the court’s subpoena power, that Henderson was present in the “crack” house when the shootings occurred, and that Henderson told Ervin immediately before the shootings that Jiles was looking for Ervin, thereby corroborating Ervin’s plea of self-defense. Defense counsel further argued that Neighborhood accompanied Ervin to the “crack” house where the shootings occurred, that she was an eyewitness to the shootings, and that she heard Henderson tell Ervin that Jiles was looking for Ervin.
The trial court overruled Ervin’s motion for mistrial, stating (1) that Henderson was subpoenaed at a Tuscaloosa address and that his current whereabouts were unknown; and (2) that because Ervin presented other testimony corroborating his testimony, there was no denial of fundamental fairness in not having Neighborhood as a witness at the trial.
The Sixth Amendment to the United States Constitution provides:
“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime *949 shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.”
Article I, § 6, of the Constitution of Alabama of 1901, provides in pertinent part that “in all criminal prosecutions, the accused has a right ... to have compulsory process for obtaining witnesses in his favor.”
The object of the constitutional guarantee of compulsory process is that the court will exercise its power to compel attendance of witnesses. Scott v. State, 34 Ala.App. 519, 41 So.2d 630 (1949). The court must do all that the defendant calls upon it to do within the legal power of the court to obtain evidence under Article I, § 6. Parsons v. State, 251 Ala. 467, 38 So.2d 209 (1948). The right to compulsory process is guaranteed by the constitution, and neither the legislature nor the courts can deprive a defendant of that right. Bush v. State, 168 Ala. 77, 53 So. 266 (1910).
Section 12-21-244, Code of Alabama 1975, provides as follows:
“(a) No subpoena must be issued in a criminal case unless the defendant is in custody or has given bail to answer the charge.
“(b) If the defendant is in custody or has given bail to answer the charge, it is the duty of the clerk of the court in which the prosecution is pending, on his application, to issue subpoenas for such witnesses as he requires.
“(c) The clerk must also issue subpoenas for all witnesses on the part of the state whose names are so marked on the indictment, if any, and for such other witnesses as the district attorney may direct him to summon.
“(d) It is the duty of the clerks of the district and circuit court to subpoena witnesses in cases set for trial to the day fixed for such trial.'”
Under § 12-21-244, the circuit clerk’s office has an affirmative duty to see that the requested subpoenas are issued before the commencement of the trial. Because the clerk, due to an administrative error, failed in the performance of that duty, it was incumbent upon the trial court to take all steps necessary to ensure the defendant’s constitutional guarantee of compulsory process.
Although the trial court’s decision to issue instanter subpoenas and to defer ruling upon Ervin’s motion for mistrial until the close of Ervin’s case was proper, the court erred in denying Ervin’s motion for mistrial at the close of Ervin’s case. Because the court did not attempt to serve Henderson in Birmingham, the court could not conclude that his whereabouts were unknown or that he was located outside the court’s subpoena power. Because, moreover, Henderson and Neighborhood were allegedly eyewitnesses to the shootings and each allegedly could provide crucial testimony corroborating Ervin’s plea of self-defense, the court erred in concluding that because other witnesses corroborated Er-vin’s testimony, the testimony of these witnesses would be merely cumulative. The jury could have found Henderson and Neighborhood to be more credible than Er-vin’s other witnesses. Ervin’s constitutional right to have compulsory process for obtaining Henderson and Neighborhood as witnesses in his favor was clearly abridged.
The judgment of the circuit is reversed and the cause remanded for proceedings not inconsistent with this opinion.
The foregoing opinion was prepared by JAMES H. FAULKNER, a Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.