172 So. 297

## KITCHENS v. STATE.

### 6 Div. 974.

Court of Appeals of Alabama.

Jan. 26, 1937.

Willard McCall, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged the violation of section 3886 of the Code 1923. It was drawn under the provisions of section 3887 of the Code, and charged that this appellant willfully set off or exploded dynamite or other explosive in or under the dwelling house of Dave Stewart, in which there was at the time a human being, etc. The indictment contained but one count.

At the conclusion of the evidence the court properly held that the defendant, under the evidence, could not be convicted of the felony as charged; and under the provisions of section 3307 of the Code 1923 confined the deliberation of the jury to the question of an attempt to commit the offense. Said section provides: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt." The action of the court in this connection was proper also upon the proposition that an indictment charging a felony or the highest grade of the offense by operation of law charges every lesser offense included in the one charged.

In this case the evidence adduced was without dispute that the offense of attempting to dynamite, etc., the dwelling house of Dave Stewart was committed by some one at the time and place complained of. In other words, the corpus delicti was proven by the undisputed testimony in the case. The material inquiry was, therefore, Was the defendant on trial the person who committed the crime? The evidence for the State tended strongly to show that he was the man. That for the defendant to the contrary. This conflict therefore made a jury question, and the court correctly declined to direct the verdict as requested by defendant by written refused charge No. 1. There was no error in refusing said charge.

The trial in the circuit court resulted in the conviction of the defendant. The verdict of the jury was: "We the jury find the defendant guilty of attempting to dynamite a dwelling house in which there was at the time a human being, as charged in the indictment and assess a fine of $500.00." The court added six months' hard labor for the county; and, the fine and costs not being presently paid, or judgment confessed therefor, he was also sentenced to perform hard labor for the county as

the law provides. From the judgment of conviction this appeal was taken.

■ ■ Numerous exceptions were reserved to the court's rulings on the admission of testimony and these, under the statute (section 3258, Code 1923), must be considered by this court. However, the principal insistences of error are based upon four propositions, viz.: (1) "The trial court should have granted the motion made by counsel representing defendant before going into the trial of this case. (2) The act of the legislature, Regular Session, 1935, page 1010 to provide for and regulate the mode of selecting and empanelling juries in all criminal and quasi criminal cases in circuit courts in counties having a population of 300,000 or more according to the last or any future Federal census is unconstitutional and void. (3) The feeling, bias, and friendly relations of the witness toward either party is not collateral. General rule is that on cross-examination any fact may be elicited which tends to show bias or partiality. (4) Persistent asking of illegal questions constitutes insinuations prejudicial to the defendant which the court ought not and will not tolerate."

Numerous authorities are cited by appellant's counsel in support of each of the foregoing insistences.

■ Propositions 1 and 2, supra, are of the same import, and it is here insisted that the pertinent act is unconstitutional and void. The act in question bears the following title: "An Act To provide for and regulate the mode of selecting and impaneling juries in all criminal and quasi criminal cases in circuit courts in counties having a population of 300,000 or more according to the last or any future Federal census." Approved September 13, 1935 (General Acts Alabama, Regular Session 1935, p. 1010).

Able and earnest counsel for appellant present forceful argument in brief in support of this insistence, and cites numerous authorities on the questions involved. Whatever doubt which might have existed on this question when first presented to the appellate courts of this State has been dissipated, and the question involved definitely settled in the cases of Dixon v. State (Ala.App.) 167 So. 340[1]; and on certiorari to Supreme Court, Dixon v. State, 232 Ala. 150, 167 So. 349. In said cases, supra, every phase of the questions here presented has been decided adversely to the contention here made, and the insistences advanced. Being directly in point and conclusive in every way, we see no occasion for further discussion by us in the instant case. Under the authorities, supra, it is manifest that no error prevailed in the rulings of the lower court in this case on these points of decision.

As to proposition 3, supra, a well-settled question of law is therein stated. No controversy as to this appears, but this court discovers no error of a prejudicial nature in the court's rulings complained of. To the contrary, a careful reading of the entire case, as shown by the record, impresses us with the fact that the court, by its every ruling, was specially careful to safeguard every substantial right of the accused, and in none of these rulings do we discover error calculated to prejudice him upon the trial of this case. A detailed discussion of the numerous exceptions is unnecessary and will not be indulged. The evidence, as stated, disclosed without dispute or controversy that the crime complained of was committed, and, as further stated, the sole question of fact remaining to be determined by the jury did the evidence as a whole, under the required rules as to measure of proof, establish beyond all reasonable doubt that the appellant was the identical person who committed said crime. The jury so decided, and this court is of the opinion that the evidence was ample to sustain the judgment of conviction pronounced and entered.

The record being regular in all respects, and no reversible error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

