■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND COLON, Appellant.— Judgment, Supreme Court, Bronx County, rendered December 6, 1972, convicting the defendant, after a jury trial, of the crimes of robbery in the first degree, grand larceny in the third degree, and possession of a weapon as a misdemeanor, unanimously modified, on the law, to the extent of reversing the conviction of grand larceny in the third degree and dismissing that count of the indictment, and otherwise affirmed. Where an offense charged in one count is greater than any charged in the other counts, and when the lesser offense is necessarily included in the greater offense, the lesser offense is described as an " inclusory concurrent count ". A verdict of guilty upon the greater offense is deemed a dismissal of every inclusory concurrent count (CPL 300.40, subd. 3, par. [b]). Therefore, in the instant case, conviction of the defendant of the crime of robbery in the first degree mandates dismissal of the count of grand larceny in the third degree as an inclusory concurrent count (cf. *People* v. *Pyles,* 44 A D 2d 784). However, this rationale would not be applicable with regard to the count charging the crime of possession of a weapon since there was sufficient evidence to show possession independent of the crime of robbery (cf. *People* v. *Jenkins,* 24 A D 2d 716, 717; *People* v. *McNair,* 32 A D 2d 662). We have examined the other points urged by the appellant and find them without merit. Concur — Nunez, J. P., Murphy, Steuer, Tilzer and Lane, JJ.