surrender himself in order that execution of the judgment shall be commenced or resumed (CPL 460.50, subd 5). No opinion. Concur—Stevens, P. J., Kupferman, Capozzoli, Lane and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HARRIS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. TYRONE HARRIS, Appellant, v J. EDWIN LA VALLEE, as Superintendent of the Clinton Correctional Facility, Respondent.—Motion for reargument granted and upon reargument the order of this court entered on October 14, 1975, is vacated. Concur—Markewich, J. P., Kupferman, Capozzoli, Lane and Nunez, JJ.

(Republished)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HARRIS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. TYRONE HARRIS, Appellant, v J. EDWIN LA VALLEE, as Superintendent of the Clinton Correctional Facility, Respondent.—Judgment, Supreme Court, New York County, rendered on July 10, 1973, and judgment of said court entered on or about February 15, 1974, unanimously affirmed. The order of this court entered on October 14, 1975, is vacated. No opinion. Concur—Markewich, J. P., Kupferman, Capozzoli, Lane and Nunez, JJ.

## (December 4, 1975)

■ DEMBER CONSTRUCTION CORPORATION, Respondent, v JACK E. KOPPEL, Individually and as Trustee, et al., Appellants, et al., Defendants.—Judgment, Supreme Court, New York County, entered in favor of plaintiff-respondent on May 21, 1975, unanimously affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. The record justifies the trial court's conclusion that the owner consented to the demolition work respondent performed on the premises, that the mechanic's lien was timely filed and that the value of the labor and material furnished was $32,000. Concur—Markewich, J. P., Kupferman, Tilzer, Lane and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MELENDEZ, Also Known as JOEY MELENDEZ, Also Known as ENRIQUE PEREZ, Appellant.—Judgment, Supreme Court, New York County, rendered November 27, 1972, convicting defendant, after a jury trial, of the crimes of robbery in the first degree, robbery in the second degree, possession of a weapon, burglary in the second degree, grand larceny in the third degree, attempted grand larceny in the first degree, and assault in the second degree, unanimously modified, on the law, to the extent of reversing the conviction of grand larceny in the third degree and possession of a weapon, vacating the concurrent sentences imposed thereon, and dismissing those counts of the indictment and otherwise affirmed. Where an offense charged in one count is greater than any charged in the other counts, and when the lesser offense is necessarily included in the greater offense, the lesser offense is described as an "inclusory concurrent count." A verdict of guilty upon the greater offense is deemed a dismissal of every inclusory concurrent count (CPL 300.40, subd 3, par [b]; *People v Pyles*, 44 AD2d 784; *People v Colon*, 46 AD2d 624; *People v Rivera*, 46 AD2d 862). We have modified the judgment in the case at bar accordingly. Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.

■ ALISON McDAVID, Respondent, v JUNE E. GUNNIGLE, Appellant, et