■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON REYNOLDS, Appellant.—Appeal by. defendant from a judgment of the Supreme Court, Kings County, rendered August 23, 1974, convicting him of robbery in the first degree, robbery in the second degree (four counts), grand larceny in the third degree (two counts), assault in the second degree (two counts), assault in the third degree (two counts) and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of robbery in the second degree (under count 2 of the indictment), grand larceny in the third degree (under counts 4 and 11) and assault in the third degree (under count 7) and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The findings of fact are affirmed. The crimes of robbery in the second degree (under count 2) and grand larceny in the third degree (under count 4) are lesser included offenses of robbery in the first degree for which appellant stands convicted under count 1 of the indictment. Further, assault in the third degree (under count 7) is a lesser included offense of assault in the second degree (under count 6) of which defendant stands convicted, and the crime of grand larceny in the third degree (under count 11), is a lesser included offense of robbery in the second degree (under count 9), of which appellant stands convicted. Thus the convictions under counts 2, 4, 7 and 11 must be reversed and those counts dismissed (see *People v Grier,* 37 NY2d 847; *People v Phillips,* 50 AD2d 937). The People candidly concede as much and also correctly (in our opinion) note that the remaining convictions which appellant would have us reverse and dismiss as lesser included offenses contain separate elements which are not included in the greater convictions. We particularly note that appellant used gratuitous violence during the robbery and that the weapon possession vis-à-vis the arresting officers was independent of the robbery (see *People v Colon,* 46 AD2d 624; cf. *People v Melendez,* 50 AD2d 737). We find no merit to appellant's contentions that the in-court identifications were prejudicially and impermissibly tainted by the pretrial police station confrontations in the absence of counsel. Bahjet and Ally Saad had ample opportunity to observe appellant during the robbery. Further, appellant was under a chain of continuous observation from the moment of the robbery to the moment of his apprehension (see *Kirby v Illinois,* 406 US 682; *People v Blake,* 35 NY2d 331; *People v Carter,* 30 NY2d 279, 282–283). Hopkins, Acting P. J., Latham, Cohalan, Titone and Hawkins, JJ., concur.