THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIUS AUGUSTUS TAI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 3, 1976, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment with a maximum of 15 years. Judgment modified, on the law, by reducing the sentence to an indeterminate term of imprisonment with a maximum of 10 years. As so modified, judgment affirmed. Defendant was sentenced to a term of imprisonment with a maximum of 10 years after his first trial, which resulted in a conviction of manslaughter in the first degree (the indictment had charged him with the crime of murder). That conviction was reversed by the Court of Appeals (People v Tai, 39 NY2d 894) because of the failure of the trial court to charge the jury on the lesser included crime of manslaughter in the second degree. Upon his retrial he was again convicted of manslaughter in the first degree. The trial court, however, imposed a more severe sentence, to wit, a maximum of 15 years. The District Attorney has conceded that this was error (see North Carolina v Pearce, 395 US 711). We have reduced the sentence accordingly. We find no merit in any of defendant's other contentions. Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD THOMPSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 19, 1974, convicting him of robbery in the second degree (three counts), assault in the third degree (two counts) and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of grand larceny in the third degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The crime of grand larceny in the third degree is an inclusory concurrent count of robbery in the second degree, of which appellant stands convicted. Thus, the conviction under the grand larceny charge must be reversed and that count dismissed (see People v Grier, 37 NY2d 847; People v Reynolds, 53 AD2d 877). We have considered defendant's other contentions and find them to be without merit. Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.