■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY E. FILLION, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered July 21, 1977, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree and criminal possession of a weapon in the third degree, and sentencing him to an indeterminate term of imprisonment not to exceed five years. While driving alone in his patrol car at approximately 4:00 P.M. on October 28, 1976, Officer Douglas Wingate of the New York State Police encountered

defendant riding a motorcycle in the vicinity of Irish Road in the Town of Schaghticoke, Rensselaer County. It appearing to the officer that the motorcycle was being operated illegally in violation of various sections of the Vehicle and Traffic Law, he asked to see the license and registration of defendant who thereupon fled the scene. A high speed chase ensued until the motorcycle overturned, and at that point the officer continued the pursuit on foot. Ultimately, the officer caught up with defendant and a struggle followed during which defendant seized the officer's revolver and, pointing it at the officer, discharged it. Fortunately, the bullet struck no one and defendant was persuaded by the officer to turn the gun over to an eyewitness nearby. Defendant was then arrested and, as a result of this incident, he was subsequently convicted by jury verdict of the crimes of reckless endangerment in the first degree (Penal Law, § 120.25) and criminal possession of a weapon in the third degree (Penal Law, § 265.02). On this appeal, we find without merit defendant's initial contention that there was insufficient evidence to sustain the conviction for reckless endangerment in the first degree. The factual pattern set forth above is conclusively established by the testimony of Officer Wingate and numerous citizen eyewitnesses. Moreover, there is additional evidence indicating that defendant was the aggressor in the struggle and expert testimony to the effect that the revolver could not have been fired accidentally. Under these circumstances, the jury could justifiably conclude that the constituent elements of the crime had been proven beyond a reasonable doubt, i.e., that defendant recklessly engaged in conduct creating a grave risk of death to another under circumstances evincing a depraved indifference to human life (see Penal Law, § 120.25), and that defendant acted without justification. Similarly, we cannot agree with defendant's argument that his conviction of criminal possession of a weapon in the third degree should have been dismissed as incidental to the count of reckless endangerment in the first degree. Not only are both of defendant's convictions equal class D felonies, but also the Court of Appeals has only recently held that there should be no merger of the possession charge with the other count of which a defendant stands convicted in situations such as the one presented here *(People v Perez,* 45 NY2d 204). Defendant's remaining contentions are likewise without merit. The court properly disposed of the defense motion for discovery, and we find no evidence of prosecutorial misconduct which would justify a reversal of the convictions. While the prosecutor may well have been aggressive in his interrogation of witnesses and summation, there was a dearth of objections to his conduct and he was responding to similar conduct by the defense. Moreover, the evidence of defendant's guilt was overwhelming and the errors, if any, were accordingly harmless *(People v Crimmins,* 36 NY2d 230; *People v Patno,* 55 AD2d 965). Judgment affirmed. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.