■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH DAVIS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 1, 1977, convicting him of robbery in the first degree, grand larceny in the third degree (two counts) and burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of grand larceny in the third degree under count two of the indictment, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. Defendant stands convicted of robbery in the first degree, burglary in the third degree, and two counts of grand larceny in the third degree. One of the two grand larceny counts is for stealing property from the person of the complainant. The other grand larceny count is for stealing property having a value in excess of $250. As defendant was also convicted of robbery in the first degree, under the circumstances of this case the grand larceny count regarding the theft from the person of the complainant was, necessarily, an

inclusory concurrent count of the one charging robbery and, therefore, must be reversed and dismissed (see *People v Reynolds,* 53 AD2d 877). The People candidly concede this point. We note, however, that the remaining convictions which defendant would have this court reverse and dismiss on appeal as inclusory concurrent counts contain separate elements which are not included in the robbery conviction. We have considered defendant's further points and have found them to be without merit. Damiani, J. P., Gulotta, Margett and Gibbons, JJ., concur.