OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant was charged, in a two-count indictment, with reckless endangerment in the first degree (Penal Law, § 120.25) and with criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [1]). He has been convicted by jury verdict of the lesser included offense of reckless endangerment in the second degree (Penal Law, § 120.20) and of the weapon charge. Both convictions are classified as A misdemeanors. The defendant, before this court for sentence, urges that the two offenses are so interrelated as to require any sentence of incarceration imposed for one count to run concurrently with any sentence of incarceration imposed for the other. (Penal Law, § 70.25, subd 2.) Since each of the offenses has the same classification and carries the same punishment, they are noninclusory counts. (CPL 300.30, subd 4.) The issue is whether these are noninclusory, concurrent or consecutive counts.
Subdivision 2 of section 70.25 of the Pénal Law stipulates that sentences imposed for two or more offenses must run concurrently when the offenses were “committed *1095 through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other”. In determining the interrelationship between counts in an indictment, the court must look to the facts of the particular case, and not simply examine the abstract legal elements of the crimes charged. (See People v Lett, 39 NY2d 966, 967.)
The indictment charged that “on or about September 22, 1980”, the defendant committed the crime of reckless endangerment “by firing a sawed-off shotgun in the direction of and in proximity to members of the New York City Police Department”. Reckless endangerment in the second degree consists of “recklessly engaging] in conduct which creates a substantial risk of serious physical injury to another person” (Penal Law, § 120.20). The indictment further charged that “on or about September 22, 1980” the defendant “unlawfully possessed a sawed-off shotgun”. (Penal Law, §265.01, subd [1]; §265.00, subd 3.)
The case arose from the defendant’s efforts to resist, by force, his eviction from an apartment for nonpayment of rent. The incident occurred on September 22,1980 when a city marshal attempted to execute a warrant of eviction. The defendant barricaded himself within the apartment. On his apartment door and in the bathroom, situated in the hallway, the defendant left notes for the police. The notes indicated that the defendant would resist, with force, any attempt to evict him and that he was armed. One of the envelopes also contained a loaded shotgun shell. Police officers were called to the apartment. A captain negotiated with the defendant for several hours, in an attempt to convince the defendant to leave the apartment peacefully. The defendant made several demands with regard to the security of his property and other matters and the captain gave assurances. Meanwhile, police officers were attempting to force an opening in the common wall from an adjoining apartment. When the wall had been breached sufficiently for the officers to see into the defendant’s apartment, the defendant fired a blast from a sawed-off shotgun directly at the breach in the vicinity of the officers. The defendant surrendered shortly afterwards. He handed the sawed-off shotgun through the breach. At trial, the *1096 defendant testified that he had owned the sawed-off shotgun for a considerable period of time.
Turning first to the second prong of the concurrence test of subdivision 2 of section 70.25 of the Penal Law, the defendant argues that the act of possessing the shotgun was one of the offenses charged and also “was a material element of’ the reckless endangerment charge. At first blush, this argument seems persuasive. Certainly the verdict would have been repugnant, upon the facts of this case, had the defendant been acquitted of criminal possession of a weapon in the fourth degree, yet convicted of reckless endangerment. (Cf. People v Sullo, 91 Misc 2d 475.) Within the parameters of the act of reckless endangerment, proof of the possession of the shotgun was required. (See People v Gaul, 63 AD2d 563.) Nonetheless, the crime of possession did not “merge with” the crime of reckless endangerment. (People v Fillion, 66 AD2d 932, 933.) The elements of possession of a weapon and reckless endangerment are entirely separate and distinct. There was ample evidence, apart from the conduct which constituted the reckless endangerment, to prove criminal possession of the shotgun. Both the Grand Jury and the petit jury, based upon the evidence presented in each proceeding, were justified in finding that the defendant committed the offense of criminal possession of a weapon in the fourth degree on September 22, 1980, and that the possessory crime was complete before the acts which constituted reckless endangerment had begun. Accordingly, while the possessory crime continued and was incidental to the reckless endangerment, it was also proved independently and existed apart from such conduct. (See People v Colon, 46 AD2d 624; People v Ridout, 46 AD2d 643.) An acquittal of reckless endangerment would, not have been repugnant to, or even inconsistent with, a conviction for criminal possession of a weapon, upon these facts. (See People v Cohen, 50 NY2d 908, 911.)
The foregoing analysis also disposes of the argument that the possession and endangerment were “committed through a single act”. (Penal Law, § 70.25, subd 3.) That is true only to the extent that the endangerment was committed by means of the unlawful use of the shotgun, *1097 previously unlawfully possessed. Accordingly, the court finds that the two offenses of which the defendant stands convicted are noninclusory, consecutive, and not concurrent counts.
The question remains whether to impose consecutive definite sentences, upon the facts of this case, would be unduly harsh. This court is persuaded, for the reasons set forth in People v Perez (45 NY2d 204), that consecutive sentences are warranted. The distinction between criminal possession of a weapon and reckless endangerment by use of the weapon is hardly “theoretical”. (See People v Perez, supra, at p 209.) Each of these crimes constitutes separately cognizable and statutorily proscribed wrongs. It would be incongruous to hold that because the defendant used the firearm unlawfully, he should be excused from punishment for possessing it unlawfully. In fact, unlike the possession charge in Perez (supra), the possessory offense here exists regardless of the defendant’s intent, and does not require any reference to proof of the commission of another crime.
Accordingly, the sentence upon each of the class A misdemeanors of which the defendant stands convicted will be imposed consecutively.