[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 279 
The defendant was indicted for assault in the second degree, Alabama Code 1975, Section 13A-6-21 (Amended 1977), and convicted of assault in the third degree. Code Section 13A-6-22. His conviction for assault in the third degree was reversed on appeal. Wyatt v. State, 405 So.2d 154 (Ala.Cr.App. 1981). On retrial, the defendant was again convicted of assault in the third degree. Sentence was one year imprisonment and a fine of $500.00.
 I
The defendant was not rearraigned after his first conviction was reversed and before he was retried.
In Reeves v. State, 264 Ala. 476, 480, 88 So.2d 561 (1956), the rule was stated:
 "Ordinarily an accused need not be rearraigned upon the second or subsequent trial of his case. We find that in most jurisdictions when a case has been reversed it is not necessary that the defendant be rearraigned. (citations omitted). In Alabama the courts have placed a limitation upon this rule. . . . In Alabama if the indictment is changed by amendment (by agreement) or its scope by the fact that the earlier conviction acts as an acquittal of a higher degree of the offense, the better practice is to rearraign the defendant prior to the second trial. Thomas v. State, 255 Ala. 632, 53 So.2d 340."
See also Stephens v. State, 254 Ala. 50, 46 So.2d 820 (1950);Linnehan v. State, 116 Ala. 471, 22 So. 662 (1897); Clark v.State, 56 Ala. App. 63, 318 So.2d 801 (1974); Corbett v. State,38 Ala. App. 536, 91 So.2d 503, cert. denied, 265 Ala. 394,91 So.2d 509 (1956); Barnett v. State, 28 Ala. App. 293, 184 So. 702, cert. denied, 236 Ala. 666, 184 So. 709 (1938). Neither party to this appeal cites Reeves nor any of the other authorities listed above.
From the record it appears that the judge, the district attorney and the defendant fully recognized that the defendant could only be tried and convicted for assault in the third degree since he had been acquitted of assault in the second degree when the jury found him guilty of assault in the third degree in his first trial.
After a jury had been selected, defense counsel made objection to the further prosecution of the defendant.
"MR. PRESTWOOD (Defense Counsel):
 Your Honor, the jury has been struck in this case, and so far as I know, the State intends to proceed with the prosecution of this defendant, Michael Wyatt. At this time, we object to the ongoing of the prosecution on these grounds."
* * * * * *
 "Yes. First, the only offense that this defendant could be prosecuted on would be assault in the third degree, and the indictment upon which he is being prosecuted today does not state assault in the third degree. There is an independent statute, Your Honor, on assault in the third degree, and the State has made no effort to our knowledge to reindict this defendant or to amend the indictment, and we say that there is no legal basis, no process upon which he, as of this moment, can be pursued against for the offense of assault in the third degree.
 "THE COURT: Overruled. It's the opinion of the Court that assault in the third degree is a lesser included offense."
After the State rested its case, the defendant made an oral motion to exclude. One of the grounds for this motion was:
 "Now, Your Honor, you have an indictment charging assault two in two counts, and we all know that this defendant has been acquitted of assault two as to count one and count two, and the District Attorney would not even read the indictment to the jury this morning, and we're saying that technically, Mr. Wyatt is put to trial on theory and not on legal process because the statute, the criminal code, *Page 280 
specifically describes the offense of assault in the third degree, and there's nothing in the indictment describing it, and as of the time the trial started this morning, he was not in writing informed as to what he was being accused of. And that burden is not on us to tell him, but it's on the State to invoke the powers of this Court on legal process, and we're saying that the intention or inclination of the Court to say it's a lesser included offense is not enough, because the lesser included offense has not, as a matter of law, been described to him or delineated in any form of paper like an indictment should be, so he's gone to trial on a phantom charge, as far as the language of third degree — assault in the third degree being concerned, he's never seen it, and yet he's been put to trial on it."
After the trial judge denied the motion to exclude, defense counsel stated:
 "That's all for me. Let me add this and close, please. The fact that Mr. Lanier (District Attorney) says he's being charged and tried for assault in the third degree does not furnish this defendant with descriptive words of that crime, and the Court cannot imply and assume that he knows what assault in the third degree is, and I venture to say he doesn't know the language in there and what it describes, . . ."
* * * * * *
 "(A)nd our bottom line is that he hasn't been served with any papers whatsoever that tells him what he's charged with and being tried for today, and there is no way to correct it except discharge it."
The trial judge instructed the jury that the defendant was charged with assault in the third degree and read the following provisions of Section 13A-6-22.
 "(a) A person commits the crime of assault in the third degree if: (1) With the intent to cause physical injury to another person, he causes physical injury to any person; or (2) he recklessly causes physical injury to another person; or (3) with criminal negligence he causes physical injury to another person by means of a deadly weapon or a dangerous instrument; . . ."
Defense counsel excepted to the "Court's oral charge about assault in the third degree and particularly to the reading of that statute and to the subhead of that statute, which would not and could not apply in this particular case."
The record does not indicate whether or not the jury was given the indictment.
Initially, we note that the defendant's objection to the sufficiency of the accusation in the indictment was untimely, coming as it did only after a jury had been empaneled. Because one may be convicted of a lesser included offense of that charged in the indictment, Section 13A-1-9, Section 15-17-1, the alleged defect in the indictment was not one of "substance" rendering the indictment incapable of supporting a judgment of conviction. Compare Fuller v. State, 36 Ala. App. 504, 60 So.2d 200, reversed,257 Ala. 502, 60 So.2d 202 (1952); Mehaffey v. State, 16 Ala. App. 99,75 So. 647 (1917). "In the absence of appropriate and timely objection an indictment, even if it is subject to demurrable defects, not being void, is sufficient to sustain a judgment of conviction." Johnson v. State, 37 Ala. App. 650, 651,74 So.2d 506, cert. stricken, 261 Ala. 373, 74 So.2d 508 (1954). Here, the indictment was not void as one may waive his defense of autrefois acquit. Clark, 56 Ala. App. at 65, 318 So.2d 801; Thomas,255 Ala. at 636, 53 So.2d 340.
While the better practice would have been to rearraign the defendant under the authorities stated, even if the defendant had been rearraigned there would not had to have been a new indictment specifically charging the defendant with the lesser included offense.
"The indictment is for legal purposes, sufficient notice to the defendant that he may be called to defend the lesser included offenses." Walker v. United States, 135 App.D.C. 280,418 F.2d 1116 (1969). "(A)n indictment charging a felony or the highest grade of the offense by operation of law charges every lesser offense *Page 281 
included in the one charged." Kitchens v. State, 27 Ala. App. 336172 So. 297 (1937). This does not deny a defendant his constitutional right to be informed of the nature and cause of the accusation against him. Holesome v. State, 40 Wis.2d 95,161 N.W.2d 283 (1968); People v. Cooke, 186 Colo. 44, 525 P.2d 426
(1974); State v. Daniels, 223 Kan. 266, 573 P.2d 607 (1977).
A review of the applicable statutes convinces us that assault in the third degree (Section 13A-6-22 (a)(1), (2) and (3)) is a lesser included offense of assault in the second degree (Section13A-6-21 (a)(1), (2) and (3)) within the meaning of Section13A-1-9 defining lesser included offenses. People v. Reynolds,53 A.D.2d 877, 385 N.Y.S.2d 337 (1976).
We conclude that the defendant was not prejudiced or injured by the failure to conduct a second arraignment upon his retrial following the reversal of his original conviction. Rule 45, Alabama Rules of Appellate Procedure. Although this is the same position advocated by Judge Rice in his dissent in Barnett,28 Ala. App. at 297-298, 184 So. 702, that case involved a capital felony. Since this is not a capital case, the trial judge did not have special duties to perform involving the setting of the case for trial and the selection of the jury. See Linnehan, supra.
 II
The testimony of State's witness Sue Grimes that "Doctor Williams said he was going to admit the child to the hospital" is hearsay. Hill v. State, 394 So.2d 106 (Ala.Cr.App. 1981). However, we find that there was no objection to this particular statement. The objection was: "We object to anything else. She's just saying from what she heard there outside the presence of this defendant." Moreover, Dr. Williams had previously testified without objection that the police "hospitalized the child." He also testified, without objection, that the child's "total overall picture had improved nicely while in the hospital." Where the hearsay testimony is cumulative of a fact already established by competent evidence, its admission constitutes harmless error.United States v. Wells, 525 F.2d 974 (5th Cir. 1976); Love v.State, 377 So.2d 8 (Ala.Cr.App. 1979).
 III
"(A) person's habit is admissible in a criminal trial as tending to prove his conduct on a particular occasion." C. Gamble, McElroy's Alabama Evidence, Section 42.01 (3) (3rd ed. 1977). The district attorney's question to the social worker of whether or not the defendant had told her about any "previous whippings" that had occurred was relevant and not "totally immaterial" as the defendant now argues. At trial, the objection was that the question was leading. Specific grounds of objection waive all grounds not specified. The trial court will not be placed in error on grounds not specified. Watkins v. State,219 Ala. 254, 122 So. 610 (1929); Knight v. State, 381 So.2d 680
(Ala.Cr.App. 1980).
 IV
The defendant argues that the motion to exclude the State's evidence should have been granted because "the only evidence which in anyway connected the Defendant with the alleged victim was the alleged statements by the Defendant * * * which clearly show that the action was unintentional."
A social worker testified that the defendant told her that "he had whipped Joey with a belt with brads on it; that he had doubled the belt and whipped the child following several instances of what he considered misbehavior. * * * Mr. Wyatt told me that in whipping the child, he was wiggling around and that it was possible that the belt could have struck his penis and caused it to swell but that he did not intentionally hit him there."
The credibility of the defendant's evidence, though without dispute, is for the jury. Cooley v. State, 233 Ala. 407,171 So. 725 (1937); Austin v. State, 30 Ala. App. 267, 4 So.2d 442, cert. denied, 242 Ala. 19, 4 So.2d 444 (1941). Once the trial judge has *Page 282 
determined that a confession was freely and voluntarily given, it is for the jury to determine the probative effect to be given the confession. Hall v. State, 365 So.2d 1249 (Ala.Cr.App.), cert. denied, Ex parte Hall, 365 So.2d 1253 (Ala. 1978). Here the defendant's intent may be inferred from the use of a "belt with brads on it" and the manner in which it was used.
 V
An accused who takes the stand in his own defense may be cross examined with respect to whether he invoked his constitutional privilege against compulsory self-incrimination on a previous trial for the same offense. Raffel v. United States,271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926). "There is a sound policy in requiring the accused who offers himself as a witness to do so without reservation, as does any other witness. We can discern nothing in the policy of the law against self-incrimination which would require the extension of immunity to any trial, or to any tribunal, other than that in which the defendant preserves it by refusing to testify." Raffel, 46 S.Ct. at 568. See also Leverettv. State, 18 Ala. App. 579, 582, 93 So. 347 (1922).
 VI
In closing argument the District Attorney made reference to a totally unrelated crime in which a small child had been molested and murdered. Although the record does not reflect exactly what the comments were, such remarks transcend all bounds of legitimate argument and are ill-advised and highly improper.Cross v. State, 68 Ala. 476 (1881); Roy v. State, 24 Ala. App. 419,136 So. 273 (1931).
While a prosecutor may properly denounce crime in strong terms and point out the gravity, heinousness, and consequences of the crime charged, it is improper to comment on or argue matters outside the issues in the case especially where those facts or issues would not even be relevant if offered in evidence. Reference to infamous crimes, evidence of which has not been admitted at trial, can only be "calculated to excite the minds of the jury and stir their resentment and to prejudice them against" the defendant. McLemore v. International Union, Etc., 264 Ala. 538,543, 88 So.2d 170 (1956). As such, they approach argument which is so grossly improper and highly prejudicial as to create ineradicable prejudice. McLemore.
Were it not for the wisdom and caution of the trial judge, the district attorney's improper remarks would cause a reversal of the defendant's conviction. However, the trial judge, on his own, instructed the jury to disregard and polled each juror individually. This action raises a presumption against error.Chambers v. State, 382 So.2d 632 (Ala.Cr.App.), cert. denied,382 So.2d 636 (Ala. 1980).
The district attorney's comments on the result of the defendant's first trial were improper. Lloyd v. State,53 Ala. App. 730, 304 So.2d 232, cert. denied, 293 Ala. 410,304 So.2d 235 (1974). The error present in these remarks was also cured by the trial judge's instructions to disregard.
Considering these and other comments made by the District Attorney together, in their cumulative effect as we must, we do not find that they created an atmosphere of ineradicable bias or prejudice. Blue v. State, 246 Ala. 73, 19 So.2d 11 (1944). Had the record reflected the comments more fully and accurately or had the trial judge been less diligent in his correction of the objectionable matter our decision might have been different.
We have carefully considered every argument made by the defendant. We have written to most. Our review convinces us that the judgment of the circuit court should be and is hereby affirmed.
AFFIRMED.
All Judges concur. *Page 283