BOWEN, Presiding Judge.
In cases which the trial judge described as “somewhat bizarre or sensational”, *1015 Tommy Joe McCurley was sentenced to two terms of 99 years’ imprisonment after pleading guilty to two indictments charging rape in the first degree in violation of Alabama Code 1975, § 13A-6-61. The sentences are to run consecutively.
I
The victim in each case was a young child, one eleven years old and the other eight. The trial judge did not abuse his discretion in permitting the prosecutor to ask leading and suggestive questions of these two children on direct examination. “It is usual and proper for the court to permit leading questions in conducting the examination of a witness who is immature, ... ignorant of, or unaccustomed to, court proceedings, inexperienced, unsophisticated, ... terrified, or timid or embarrassed while on the stand, lacking in comprehension of questions asked or slow to understand.” 98 C.J.S. Witnesses § 332 (1957). “[LJeading questions are permissible to arrive at the facts when modesty or delicacy prevents full answers to general interrogatories, such as in a trial for a sexual offense.” 81 Am.Jur.2d Witnesses § 430 (1976). The discretion of a trial judge in allowing leading questions is especially broad in prosecutions for sexual offenses involving young children. Hammock v. State, 401 So.2d 292, 293 (Ala.Cr.App.1981); Baxter v. State, 360 So.2d 64, 65-66 (Ala. Cr.App.1978); C. Gamble, McElroy’s Alabama Evidence § 121.05(8) (3rd ed. 1977).
“The rule against asking leading questions of one’s own witness on direct examination is not an absolute rule of exclusion. Rather, the allowance of leading questions on direct examination is within the discretion of the trial judge. Leading questions on direct examination are allowed under special circumstances which make it appear that the interests of justice require them, and determination of whether special circumstances justify direct examination of a witness by leading questions is a matter lying within the sound judicial discretion of the trial judge.” 81 Am.Jur.2d Witnesses § 430 (1977).
Additionally, we note that McCurley waived this issue by pleading guilty. “It is universally held that a voluntary plea of guilty waives all nonjurisdictional defects.” Lane v. State, 412 So.2d 292, 294 (Ala. 1982); Dingler v. State, 408 So.2d 530 (Ala. 1981).
II
The defendant’s argument that his guilty pleas were accepted without the establishment of any factual basis for the offenses is simply without merit and is not supported by the record.
The defendant decided to plead guilty after trial had begun and one day of testimony had been completed. During that day both victims had testified in detail to their sexual encounters with the defendant. The testimony of either victim was sufficient to establish a prima facie case of rape in the first degree. In accepting the pleas, the following question was asked:
“THE COURT: To that charge and under those facts as set forth in that indictment and the facts as you have heard them here in the Courtroom, how do you plead to the charge of rape in the first degree, guilty or not guilty?
“THE DEFENDANT: Guilty.” (Emphasis added).
“[A] factual basis for accepting a guilty plea may be established by several sources, including a prosecuting attorney’s assertions of what he expects the evidence to show.” Yamada v. State, 426 So.2d 906, 909 (Ala.1982). See also Russell v. State, 428 So.2d 131, 135 (Ala.1982). “As long as the factual basis is developed on the record, it may come from several sources." United States v. King, 604 F.2d 411, 414 (5th Cir.1979).
The record contains a colloquy which satisfies the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The guilty pleas were voluntarily and intelligently entered.
III
The record also shows that the trial judge adequately informed the defendant *1016 of the minimum and maximum possible sentences he could receive. The trial judge instructed the defendant that “if you plead guilty in both cases, I would be required to sentence you to some period of time in the penitentiary of the State of Alabama in both cases.... ⅜ * * And that period of time could run for a minimum of ten years up to a maximum of life or ninety-nine years in prison .... * * ⅝ [And] that there could be a possible fine in each of the cases in an amount up to twenty thousand dollars.” (Emphasis added).
Additionally, the prosecution made it clear that its recommendation was “ninety-nine years in each case, consecutive, for a total of a hundred and ninety-eight years.” Our review of the transcript of the guilty pleas and the sentencing hearing leaves it unmistakably clear that there was no confusion over the possible sentences the defendant could receive.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.