OPINION OF THE COURT
Alan Broomer, J.
After a nonjury trial, defendant was convicted of assault in the second degree and criminal possession of a weapon in the third degree. He was sentenced to consecutive indeterminate terms of imprisonment of 2 to 6 years and 1 year 8 months to 5 years. Defendant moves pro se to set aside the sentence on the grounds that consecutive sentences were unauthorized and illegally imposed (CPL 440.20).
THE FACTS
Defendant was indicted for attempted murder in the second degree, assault in the first degree, and criminal use of a firearm in the first degree. The charges concerned an incident which occurred at 9:15 p.m. on October 25,1983, at the corner of Wilson Avenue and Weirfield Street. The complainant Howard Spikes and someone named Larry were approached by defendant and his two companions. A discussion among the five about the recent theft of Larry’s son’s bicycle escalated into a heated argument, during which defendant told Spikes to mind his own business. Spikes hit defendant once, whereupon defendant took a gun out of the right pocket of his trenchcoat, pointed it at *819 Spikes’ face, and fired. Spikes turned his head away from the shot and the bullet entered his left temple, lodging outside the brain case, where it remains to this day. As Spikes ran from the scene seeking transportation to a hospital, defendant held onto the gun and also left the area.
Defendant was acquitted of attempted murder, assault in the first degree and criminal use of a firearm in the first degree, but was found guilty of the lesser-included crimes of assault in the second degree (causing physical injury to Spikes) and criminal possession of a weapon in the third degree* (having the gun in his coat pocket when he arrived at the scene and when he left the scene).
ARGUMENT
Defendant contends that his consecutive sentences must be vacated because Penal Law § 70.25 (2) mandates concurrent sentences for the assault and weapon possession convictions. Like most pro se motions, the instant one relies on the court to deduce its legal underpinnings. Therefore, it will be assumed that defendant’s argument for concurrent sentences is twofold: first, the two crimes are part of the same transaction; second, gun possession is a material element of assault in the second degree.
The District Attorney concedes error and agrees with defendant’s contention that the consecutive sentences should be vacated, but urges the court to resentence defendant to concurrent terms of 2Va to 7 years, the maximum for a class D felony.
The People’s concession, as well as the defendant’s argument, is rejected (People v Gates, 70 AD2d 734).
DISCUSSION
Penal Law § 70.25 (2) provides the sentences must run concurrently with each other where the underlying offenses were committed: “through a single act * * * or through an act * * * which in itself constituted one of the offenses and also was a material element of the other”.
The court was the trier of the facts. As such, I made specific findings, to wit:
1. That the defendant committed the lesser included crime of assault in the second degree by intentionally causing the victim physical injury by means of a deadly weapon, and
*820 2. That the defendant committed the lesser included crime of criminal possession of a weapon in the third degree in that he possessed a loaded revolver for a period of time both before and after he shot the victim.

A. Possession of the gun and assaulting the victim were not “two crimes committed through a single act”.

The assault, occurring in an entirely separate factual scenario and with a distinct mens rea, briefly overlapped the continuing crime of unlawful possession of a loaded gun. Since it was distinct in fact, spatially and temporally, it is distinct in law (People v Brathwaite, 63 NY2d 839; People v Chandler, 106 AD2d 677). Both factually and legally, nonmerger of offenses occurred. (See, People v McMillan, 61 AD2d 800; People v Johnson, 108 Misc 2d 1094 [decided on facts strikingly similar to our case]; see also, People v Reynolds, 53 AD2d 877 [where the Second Department found, separate and apart from an earlier gunpoint robbery, possession of weapons at the time of the arrest for the robbery]; see also, People v Colon, 46 AD2d 624 [where the First Department found no merger and extinguishment where the weapon was shown to have been possessed independently of a robbery in the first degree].)
Unlike each of these cases involving a general verdict by a jury, the subject case was tried by the court without a jury and the court made special findings of fact concerning the separateness of the two crimes.
B. Nor is one crime in any way a “material element of the other” in contemplation of subdivision (2) analysis.
Quite apart from the fact that I found the crimes to have occurred at different times, they are, both class D felonies; one is not the lesser of the other. (See, People v Ramos, 59 AD2d 859.) Moreover, their elements are disparate:

assault in the second degree

1. intent to cause physical injury,
2. causes such injury,
3. by means (use) of a deadly weapon;

criminal possession of a weapon in the third degree

1. knowingly possessed a loaded handgun.
While it is true both statutes mention a loaded gun which may, at first glance, appear to be a common element, upon closer consideration, it is seen that the operative factors in the gun element are different, viz., assault involves the “use” of a loaded gun while criminal possession of a weapon in the third degree *821 speaks merely of “possessing” a loaded gun, hardly the same thing. See generally, People ex rel. Maurer v Jackson (2 NY2d 259, 265), an old law case where it is pointed out that “discharging a revolver with intent to kill a victim is not an essential element of the crime of robbery” and even though the two offenses were so closely intertwined that they were considered part of the same transaction, they involved two kinds of conduct and as such were separable and distinct.
CONCLUSION
Quite apart from the technical distinctions posed by section 70.25 (2), it is bad policy to give a “free ride” to a man who has been unlawfully carrying around a loaded concealed handgun. That crime was complete long before the victim was shot in the head. Indeed, the two crimes are entirely distinct and severable in fact (as I found) as well as in law. The assault could easily have been committed without concomitantly committing criminal possession of a weapon in the third degree, viz., by use of a licensed handgun or by a police officer. Obviously, the gun count was complete in and of itself. Should one who commits an assault with a legal handgun be treated the same as one who commits the identical crime with an illegal gun?
Where the two crimes in question are noninclusory (CPL 330.30 [4]), have disparate elements, are consecutive to each other and are found by the trier of fact to have occurred at separate times, nothing in Penal Law § 70.25 (2), specifically; in the organic law, generally; nor in logic or sound public policy, prevents the imposition of consecutive sentences.
For the foregoing reasons, defendant’s motion to set aside his consecutive sentences and resentence him to concurrent sentences is denied.

 Whether criminal possession of a weapon in the third degree is a lesser included crime of criminal use of a weapon in the first degree is not being considered herein, the issue having been waived by a failure timely to object (People v Ford, 62 NY2d 275).