The appellant was indicted and tried for intentional murder in violation of § 13A-6-2, Code of Alabama 1975. A jury subsequently found him guilty of the lesser included offense of manslaughter. Upon appeal to this court, we reversed the conviction *Page 802 
and remanded the case for a new trial. O'Neal v. State,461 So.2d 54 (Ala.Cr.App. 1984). At his second trial, the appellant was prosecuted for manslaughter under the original indictment charging intentional murder. He was again found guilty of manslaughter and was sentenced to ten years' imprisonment. Four issues are raised on this appeal.
 I
The appellant maintains that on retrial the state should have either reindicted him for manslaughter or amended the original indictment so that it specified the precise charge for which he was being prosecuted. By virtue of the Double Jeopardy Clause of the Fifth Amendment, a conviction on a lesser included offense bars any subsequent retrial of a defendant on the greater offense, since the conviction on the lesser included offense acts as an acquittal of the higher offense. Ex parteBayne, 375 So.2d 1239 (Ala. 1979). Thus, on retrial, the appellant could only have been convicted of manslaughter. The appellant contends that since he could no longer have been found guilty of intentional murder, the state should have amended the indictment or reindicted him. It is argued that the indictment charging him with murder lacked the degree of specificity required to inform him of the offense for which he was being charged. Constitution of Alabama 1901, Section 6; Exparte Hightower, 443 So.2d 1272 (Ala. 1983). We find this argument to be without merit. In Wyatt v. State, 419 So.2d 277
(Ala.Cr.App. 1982), this court held that where a defendant charged with a greater offense is found guilty of a lesser included offense, there is no requirement that he be reindicted in the event that a new trial is ordered.
 "`The indictment is for legal purposes, sufficient notice to the defendant that he may be called to defend the lesser included offenses.' Walker v. United States, 135 [U.S.] App.D.C. 280, 418 F.2d 1116 (1969). `(A)n indictment charging a felony or the highest grade of the offense by operation of law charges every lesser offense included in the one charged.' Kitchens v. State, 27 Ala. App. 336, 172 So. 297 (1937). This does not deny a defendant his constitutional right to be informed of the nature and cause of the accusation against him. Holesome v. State, 40 Wis.2d 95, 161 N.W.2d 283 (1968); People v. Cooke, 186 Colo. 44, 525 P.2d 426 (1974); State v. Daniels, 223 Kan. 266, 573 P.2d 607 (1977)."
See also Rule 15.2, Alabama Temporary Rules of Criminal Procedure. Since manslaughter is a lesser included offense of intentional murder, there was no need to have a new or amended indictment which specifically charged the appellant with manslaughter.
The appellant also argues that the indictment was defective because it failed to indicate whether he was being convicted of "ordinary manslaughter" or "manslaughter involving the use of a deadly weapon." It is well settled law that an indictment must inform an accused of all essential elements of the offense
charged. Hardy v. State, 409 So.2d 996 (Ala.Cr.App. 1982). There is, however, no offense known as "manslaughter involving the use of a deadly weapon." Section 13A-5-6 (a)(5), Code of Alabama 1975, does provide for the enhancement of punishment when a firearm is used in the commission of a class C felony such as manslaughter, but that provision relates solely to sentencing procedure and does not involve a separate offense. While the trial court has a duty to inform a defendant of the minimum and maximum possible sentences he might receive before the court accepts a guilty plea from the defendant, there is no requirement that an indictment inform an accused of the possible range of punishment. McCurley v. State, 455 So.2d 1014
(Ala.Cr.App. 1984). We find, therefore, that the indictment was sufficient.
 II
The appellant also asserts that the trial court erred in denying his request for re-arraignment. The record indicates, however, that the appellant was properly arraigned. *Page 803 
Before the start of the appellant's second trial the following occurred:
 "THE COURT: All right, Mr. Graham [attorney for appellant] and Mr. O'Neal, the indictment, the charge that you're facing today is that of manslaughter. You were originally indicted for murder, but at your trial last year, you were convicted of manslaughter under Count 1 in the indictment, and that is the charge that you face today, of manslaughter, which carries a punishment of not less than 1, nor more than 10 years in the penitentiary.
 "MR. GRAHAM: Well, if that's to be taken as an arraignment, we plead not guilty. . . ."
As this court observed in Headley v. State, 51 Ala. App. 148,151, 283 So.2d 458 (Ala.Cr.App. 1973), the "common law formalities attendant on arraignment are no longer required.Boyd v. State, 41 Ala. App. 507, 138 So.2d 60 (1962). Its only purpose is to obtain from the accused his answer or plea to the indictment." See also, Carroll v. State, 445 So.2d 952
(Ala.Cr.App. 1983); Watts v. State, 460 So.2d 204 (Ala. 1983). We hold that the arraignment sufficiently advised the appellant of the offense with which he was charged.
 III
The appellant also contends that the court committed reversible error with respect to certain evidentiary rulings made during the course of trial. Specifically, he argues that the state should not have been permitted to use an unauthenticated and irrelevant court file from a separate case to impeach him. In addition, the appellant maintains that the court erred in refusing to admit into evidence a set of brass knuckles which allegedly belonged to the decedent. In support of these contentions appellant comments:
 "As to the questions and issues raised in No. II of the [issues presented], relating to the trial court's obvious errors in the aforesaid admission of evidence offered by the state relating to the various court files (TR 306, 356 391) and the court's refusal to admit the material evidence relating to the brass knuckles, Appellant's Exhibit `2' for identification, Appellant would suffice [sic] to point out that the appellant made timely objections to these rulings by the court and when considered separately and severally, one will readily see that the effects of these evidentiary rulings by the court were very determinal [sic] to the appellant and are reversible error in and of themselves."
This court observed in Vinzant v. State, 462 So.2d 1037, 1039
(Ala.Cr.App. 1984), that the Alabama Rules of Appellate Procedure require that all arguments presented in an appellate brief have a list of authorities in support of the issue presented. Rule 28 (a)(5), A.R.A.P. "Arguments not based on any legal authority have the same effect as if no argument had been made, and the argument will be deemed waived. Jones v. City ofDecatur, 53 Ala. App. 470, 301 So.2d 235 (Ala.Cr.App. 1974);Terry v. City of Decatur, 49 Ala. App. 652, 275 So.2d 167
(Ala.Cr.App. 1973)." Vinzant, supra; see also, Andrews v.State, 473 So.2d 1211 (Ala.Cr.App. 1985). Since the appellant did not comply with the requirement of Rule 28 (a)(5), the evidentiary issues are not properly before us for review. Even if the appellant had complied with the requirements of Rule 28 (a)(5), we are convinced that the trial court's rulings did not injuriously affect the substantial rights of the appellant. Rule 45, A.R.A.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur. *Page 804