TAYLOR, Judge.
The appellant, Matthew Mark Stephenson, was convicted of murder[1] and theft of property in the first degree. He was sentenced to life imprisonment for the murder and to 10 years’ imprisonment for the theft of property conviction.
The evidence presented at trial tended to show that on the night of April 18, 1990, the appellant and Ricky Doss went to the home of King Solomon Coats, the' victim. Ricky Doss, who knew the victim, asked for money. The victim refused and a struggle ensued. The appellant stabbed the victim numerous times in the face, hands, and stomach. He also battered the victim about the head and shoulders. Before leaving the victim’s home, the appellant tied a shirt around the victim’s face and bound his arms and legs with an extension cord. The house was then ransacked in a search for valuables. The appellant and Doss stole the victim’s television set and his automobile. Later that night, the appellant pawned the television for $50 and abandoned the stolen vehicle. Pour days later, the appellant turned himself in to police. He presents three issues on appeal.
I
The appellant first contends that his indictment was “fatally defective.” Specifically, relying on Connolly v. State, 500 So.2d 57 (Ala.Cr.App.1985), the appellant maintains that the indictment failed to sufficiently charge capital murder in that it did not state that the murder was committed “in the course of or in connection with the commission of, or in immediate flight from the commission of a robbery.”
“The indictment or information shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgement.” Rule 13.2(a), A.R.Crim.P. See also Williams v. State, 568 So.2d 354 (Ala.Cr.App.1990); Hamm v. State, 564 So.2d 453 (Ala.Cr.App.1989), aff’d, 564 So.2d 469 (Ala.), cert. denied, — U.S. -, 111 S.Ct. 572, 112 L.Ed.2d 579 (1990); Thatch v. State, 432 So.2d 8 (Ala.Cr.App.1983). The indictment in the present case reads in pertinent part as follows:
“The GRAND JURY of said County charge, that, before the finding of this indictment MATTHEW MARK STE *162 PHENSON whose name is to the GRAND JURY otherwise unknown than as stated, did, in the course of committing the theft of a color television set, the property of King Solomon Coats, use force against the person of King Solomon Coats with the intent to overcome his physical resistance or physical power of resistance and in so doing caused serious physical injury to King Solomon Coats by stabbing him with a knife, in violation of § lSA-8-jl of the Code of Alabama. During the aforesaid robbery in the first degree, the said MATTHEW MARK STEPHENSON, did, with the intent to cause the death of King Solomon Coats, cause the death of King Solomon Coats by stabbing him with a knife, a violation of § 13A-5-40(a)(2) of the Code of Alabama.” (Emphasis added.)
The indictment sufficiently charged the appellant with the capital offense of murder committed during a first degree robbery. An indictment which charges the “highest grade” of an offense “ ‘by operation of law charges every lesser offense included in the one charged.’ ” Wyatt v. State, 419 So.2d 277, 281 (Ala.Cr.App.1982), quoting, Kitchens v. State, 27 Ala.App. 336, 172 So. 297 (1937). Therefore, the indictment was sufficient to inform the appellant of the charges for which he was ultimately convicted.
II
The appellant next contends that there was insufficient evidence presented at trial to support his conviction for theft of property pursuant to count two of his indictment. Count two of the indictment charged the appellant with the theft of the victim’s 1969 Cadillac DeVille automobile. The appellant asserts that there was no evidence presented from which the jury could have concluded that he was the one who actually stole the vehicle.
On the night of the appellant's arrest, he gave two separate statements to police. In each of these statements, the appellant admitted that he had stolen the victim’s automobile. Subsequently, these statements were presented at trial and were read into the record. Therefore, the jury was indeed presented with evidence that the appellant had stolen the victim’s vehicle. The court did not err in submitting the issue to the jury.
“It is not the province of this court to reweigh the evidence. Walker v. State, 416 So.2d 1083, (Ala.Cr.App.1982). As a rule, this court will uphold the jury’s verdict and the trial judge's decision unless that decision was palpably contrary to the great weight of the evidence and manifestly wrong. Raines v. State, 428 So.2d 206 (Ala.Cr.App.1983).”
Watkins v. State, 565 So.2d 1227, 1231 (Ala.Cr.App.1990).
We find no reversible error in the remaining matters addressed in brief. For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.

. The appellant was initially indicted for the capital murder of King Solomon Coats,-a violation of § 13A-5-40(a)(2), Code of Alabama 1975. However, the jury returned a guilty verdict of the lesser included offense of murder.